Rockingham, }
Feb. 3, 1913. }

### GRANITE STATE LAND CO. *v.* HAMPTON & a.

### HAMPTON *v.* MOSES H. DOW.

### MOSES H. DOW *v.* HAMPTON & a.

The statutory provision that a just share of the expense of constructing and maintaining a common sewer may be assessed against land deriving special benefit therefrom (P. S., c. 79, s. 4) is not invalid on the ground that it deprives the landowner of his property without due process of law, nor because it permits the making of unproportional and unreasonable assessments.

The constitutionality of a statute can be questioned only by one whose rights are infringed by the provision which is claimed to be invalid.

On a petition for the abatement of a sewer assessment made under section 4, chapter 79, Public Statutes, the superior court has authority to order a new assessment if justice shall so require.

A provision in a lease, that any taxes paid by the lessee shall be deducted from the annual rent, held not to entitle him to an allowance by reason of the payment of a sewer assessment against the demised premises.

A lessee who has paid the entire amount of a sewer tax against the demised premises is entitled to contribution from others having an interest in the estate, and is not estopped to assert this right by failure to appeal from the original assessment.

(1) PETITION, for the abatement of an assessment made by the selectmen of Hampton under chapter 79, Public Statutes. The case is the same as that reported 76 N. H. 1. After the filing of that opinion, the plaintiffs amended their petition and made the Hampton Beach Improvement Company a party defendant. April 1, 1898, the town of Hampton gave the Improvement Company a lease of a parcel of land embracing the lots now held by the Land Company, in which it was provided that the land should not

be taxed during the term of the lease, and that if the lessee, its successors or assigns, should be compelled to pay a tax on any part of it, the amount so paid might be deducted from the annual rent. The Improvement Company contends that section 4, chapter 79, Public Statutes, is in conflict with article 5 of the state constitution and the fourteenth amendment to the federal constitution, because (1) it permits the making of assessments which are not equal and proportional and (2) makes the owner of the property personally liable for the assessment. It is also contended that even if the assessment is valid, the town cannot recover from either the Land Company or the Improvement Company.

(2) DEBT, to recover a sewer assessment on a lot held by Dow under a lease from the Hampton Beach Improvement Company. The facts are the same as in *Rowe* v. *Hampton*, 75 N. H. 479.

(3) BILL IN EQUITY, in which the plaintiff seeks to recover from the town of Hampton or the Hampton Beach Improvement Company whatever he may be compelled to pay on account of the sewer assessment against the lot held by him, or in any event to recover their just shares of said assessment.

The cases were tried before *Wallace*, C. J., who found that the assessment is valid in so far as the different lots of land are concerned; that the Improvement Company's just share of the assessment is fifty-five per cent and that Hampton's is five per cent; that sixty per cent of the Land Company's assessment should be abated; that the Improvement Company should pay the town fifty-five per cent of the Land Company's assessment and should repay Dow fifty-five per cent and Hampton five per cent of what he pays the town. The Land Company, the Improvement Company, and Dow excepted to the foregoing findings and rulings. Transferred from the January term, 1912, of the superior court.

*Greenleaf K. Bartlett*, for the Granite State Land Company and Moses H. Dow.

*Ernest L. Guptill* and *Page, Bartlett & Mitchell* (*Mr. Mitchell* orally), for the Hampton Beach Improvement Company.

*Eastman, Scammon & Gardner* (*Mr. Scammon* orally), for the town of Hampton.

YOUNG, J. Hampton is an agency the state has created to enforce the collection of these sewer assessments, and at the same

time is the owner of an interest in the land assessed. Its rights and duties, therefore, are in some respects conflicting; and the questions raised by the different exceptions will be considered, first, in so far as they relate to the duties and liabilities of the parties under chapter 79, Public Statutes, and then in so far as they relate to liabilities of the parties to each other, both under the lease and at common law. It was held in *Granite State Land Co.* v. *Hampton*, 76 N. H. 1, that the Land Company must pay Hampton their just share of the assessment. The validity of the assessment is therefore *res adjudicata* as to them, but not as to the Improvement Company.

The authorities on which the Improvement Company relies tend rather to deny than to sustain the contention that section 4, chapter 79, Public Statutes, is in conflict with the fourteenth amendment to the federal constitution; for the only property that can be assessed under that section is property that is specially benefited by the sewer, and such property can only be assessed for its fair share of the cost of improving it. All the cases, without exception, hold that such a statute is not open to the objection that it permits the taking of private property without compensation or without due process of law. *French* v. *Company*, 181 U. S. 324, 345; *Norwood* v. *Baker*, 172 U. S. 269; *Heavner* v. *Elkins*, 69 W. Va. 255,— 26 Ann. Cas. 653, 655, note.

A statute which limits the property that may be assessed to pay for building a sewer to the property specially benefited, and the assessment that may be made on such property to its fair share of the cost of improving it, is not open to the objection that it permits the making of an unequal assessment. *White* v. *Gove*, 183 Mass. 333. If section 4, chapter 79, Public Statutes, is unconstitutional in so far as it permits making the owner personally liable for an assessment greater than the value of the property after it is improved, it does not help the Improvement Company; for it does not appear that this is such an assessment, and the only person who can question the validity of a statute is one who is affected by the unconstitutionality of the provision of which he complains.

Although section 7, chapter 79, Public Statutes, provides that whenever there is occasion for a new assessment the selectmen —not the court—shall make it, that section has no application in this case, but rather section 6 of the same chapter, which provides that on appeal the court shall make such order as justice requires.

It is highly improbable the legislature intended that a cause should be sent back to the selectmen when the occasion for the new assessment arises because of the court's findings on an appeal; for if in such cases the selectmen made any order other than the one the court finds ought to be made, it would be its duty to vacate the order on appeal.

The question whether any of the parties can recover back, either under the lease or at common law, the amounts they have paid to Hampton depends on whether the assessment is a tax within the ordinary meaning of that word, and not on whether making the assessment is an exercise of the taxing power. The tax the parties probably had in mind when they made the lease was its ordinary annual tax, and that this is not such a tax is too clear for argument. The tax a lessee can recover from his lessor, in the absence of contract, is a tax assessed, not on his own, but on his lessor's interest in the property, which he must pay or be evicted; and this is not such a tax.

If Dow, the Improvement Company, and Hampton were tenants in common, instead of having separate estates in the land (*Granite State Land Co.* v. *Hampton, supra*), there would be no doubt as to his right to contribution if he paid the tax (*Gage* v. *Gage,* 66 N. H. 282); and as the duty to contribute depends on the equitable principle that equality of burden as to a common right is equity (*Campbell* v. *Mesier,* 4 Johns. Ch. 334), no reason is apparent why they should not contribute in this case. There is no merit in the Improvement Company's contention that Dow's failure to appeal from the assessment estops him to call on them for contribution. Whether he should have appealed depends on whether that was the reasonable thing to do; and that not only has not been found, but there is nothing in the case from which it can be found.

*Case discharged.*

All concurred.