Hillsborough, }
Dec. 5, 1933. }

MANCHESTER *v.* ZATAE L. STRAW.

*Cyprien J. Belanger* (by brief and orally), for the plaintiff.

*Thorp & Branch* (*Mr. Floyd Thorp* orally), for the defendant.

ALLEN, J.   In *State* v. *Jackman,* 69 N. H. 318, it was held that a city ordinance passed in pursuance of legislative enactment and re-

quiring abutters to remove snow from the adjoining street sidewalks was invalid. It was considered in substance and effect a local law levying a tax which was not assessed on constitutional principles of equality and proportion. It was also held indefensible as an exercise of the police power and to be in violation of guaranteed rights.

It is said in the opinion: " . . . it is plain that the lot owner has no other interest in the street *as such* than any other citizen of the municipality." Applied to the facts of the case, the statement is unquestioned, but not, in the sense of derived interest, if applied generally and in all instances.

It is recognized in our own decisions that a local public improvement may give to an abutter special benefit not enjoyed by the public. When damages are assessed for the taking of land for public purposes, the value of special benefit to the remaining part of the land may be recouped to reduce the damage sustained by the taking. *Petition of Mt. Washington R. R. Co.*, 35 N. H. 134, 147; *Carpenter* v. *Landaff*, 42 N. H. 218; *Abbott* v. *Stewartstown*, 47 N. H. 228; *Adden* v. *Railroad*, 55 N. H. 413. And conversely, in *Cram* v. *Laconia*, 71 N. H. 41, an abutter on a highway was held entitled upon its discontinuance only to such damages as were "special, peculiar, and direct," under a statute by which "damages sustained by any person" by the discontinuance were to be awarded.

What particular benefits are special in distinction from general benefits, does not here need statement. It is enough to say that benefits not common to the tax paying community are recognized as special. The only question transferred is of the validity of the assessment statute.

In *Granite State Land Co.* v. *Hampton*, 76 N. H. 1 and 77 N. H. 179, an assessment of a fixed sum on each lot and an *ad valorem* assessment on the buildings, to meet the expense of sewer construction, was held valid. It is said in the second transfer of the case (77 N. H. 179, 181): "A statute which limits the property that may be assessed to pay for building a sewer to the property specially benefited, and the assessment that may be made on such property to its fair share of the cost of improving it, is not open to the objection that it permits the making of an unequal assessment."

It thus appears that the principle, believed to be upheld in all states of the country, that assessments may be made against owners of property receiving special benefits from public improvements of a local character, is here in force. The limits of the assessments and the conditions for imposing them vary, and by force of various limita-

tions on legislative power which our constitution prescribes and which are considered in *State* v. *Jackman, supra,* the assessment must not exceed the value of the special benefit.

It is said in *White* v. *Gove,* 183 Mass. 333, 335: " . . . if one is required to pay a special assessment upon his property in addition to the general assessment which he pays equally with everyone else, this special assessment cannot properly be founded on anything but benefits to the property. If he pays his proper proportion of the general tax and then pays a special assessment greater in amount than the benefit he receives, his entire tax is excessive, unreasonable and disproportional. Hence, under a constitution which requires that taxes shall be proportional and reasonable, a system which imposes upon property in addition to its proportional share of the general tax a special assessment without an equivalent in benefit, is unconstitutional. . . . special assessments upon property for the cost of public improvements are in violation of our Constitution if they are in substantial excess of the benefits received." Subject to the qualification that the benefits must be special and not such as are shared in by the landowner with other tax payers, the foregoing accurately states our own law.

The assessment is not a tax in the constitutional sense. "Except in the case of the tax upon polls, taxes are required to be laid *ad valorem." Opinion of the Justices,* 82 N. H. 561, 563. It is a charge for a private benefit conferred. Although the benefit may be compelled and not sought, it is acquired. The improvement is made for the public good. When some of the benefit from it accrues specially to the landowner, the entire benefit from it is divided between him and the public. It is a reasonable incident of ownership that the expense of the improvement may be correspondingly divided. While no assessment need be made, it is fair that one may be when the owner is reimbursed by an increase in the value of his property not less than the assessment and when otherwise the result would be for him to enjoy the added value at the public's expense.

The constitutional order that money shall not be granted by the state or its sub-divisions for private purposes (*Opinion of the Justices,* 85 N. H. 562, 563, and cases cited) is not disregarded if no assessment for special benefits is made. The negative failure to assess is not the equivalent of a positive grant. But in the result of special benefit from the improvement the spirit of the order serves to justify an assessment therefor. The compulsory feature of the assessment makes it a form of eminent domain. Instead of the owner being paid for

property taken from him, he pays for property acquired by him. The public need of the improvement gives constitutional warrant to the compulsion of payment for the private benefit.

The statute in question calls for an assessment against each abutter of one-half the expense of improvement in front of his premises. If read literally, it would be unconstitutional. It would mean a legislative determination, without regard to the facts, that in all cases the special benefit equals or exceeds such part of the expense. The extent of special benefit is an issue of fact to be decided in each case of controversy by a judicial tribunal. But the statute furnishes means for such decision in the right of appeal it gives with procedure as in highway cases. It is not probable that the only issues on an appeal were to be the fact and cost of the improvement, and the landowner's right to seek an abatement of the assessment on the ground of its excess over the value of the special benefit was undoubtedly intended to be secured. Thus construed, the statute limits the assessment so that it will exceed neither one-half the expense nor the value of the special benefit. Such a construction, being a reasonable one and giving the statute valid force, is to be made. *State* v. *Gerry*, 68 N. H. 495, 503.

The statute may properly establish an initial or *prima facie* proportion of the expense if it is not necessarily arbitrary. "Of course, if a statute shows on its face that it entirely disregards the relation of the benefits to the taxes to be assessed upon the respective estates, it is plainly unconstitutional. In many cases, however, it is impossible to estimate the amount of benefit with absolute accuracy, and methods of determination must be adopted which are practicable, and which at the same time will give a reasonable approximation to accuracy. The selection of methods is primarily a matter for the Legislature, and much latitude must be allowed it in the exercise of its judgment and discretion in regard to a subject of this kind. It is only when its decision is plainly one that will be likely to result in taxation that is either disproportional or unreasonable that the court can interfere. So in different cases a great variety of methods have been sustained by the court as within the legislative authority." *White* v. *Gove, supra*, 336.

In effect the direction of the local statute is that the special benefit to the landowner shall be estimated at one-half the cost of construction in the absence of proof that it is less. The direction does not conflict with the fundamental law. It relates to practice and does not take away or impair vested rights. *Rich* v. *Flanders*, 39 N. H.

304, 323.  The direction has no conclusive effect and is not arbitrary. A rule giving frontage no more than presumptive efficacy as a test of the measure of special benefits falls far short of one making frontage the only and final test.  The presumption is of a uniform and standard proportion of equal division between the special benefits and the public advantage.  It may be regarded as a reasonable estimate for developed districts.  It furnishes a convenient and expedient method of assessment at the outset and places no substantial burden upon the owner.  Generally in states where taxation must be equal and proportional the frontage rule is sustained, at least in its limitation as a presumption.  The assessment may be a charge on account of construction in front of the abutter's land or a charge apportioned among all the abutters on account of the entire work of construction, as the legislative discretion may decide.

The defendant argues that she received no special benefit from the improvement.  Regardless of the trial court's order that the plaintiff is to have judgment if the statute is valid, her failure to appeal from the assessment bars her from now making that defence.  It is held that a tax assessment is a judgment, errors in which may be corrected only through the statutory remedy of appeal.  *Bradley* v. *Laconia*, 66 N. H. 269.  In this respect an assessment of the nature here considered is no different than a normal tax assessment.  *Rowe* v. *Hampton*, 75 N. H. 479.  The defendant's right to raise the issue of constitutionality in this action is given by the law of the trial.  The parties accepted the trial court's order that the plaintiff might recover only if the assessment statute should be upheld.  It is therefore unnecessary to decide if the right would exist in the face of objection except by appeal and if so, in what manner.

The defendant also is understood to take the position that the difference between curbings and sidewalks makes a legal difference by which there may be no assessment for the expense of curbing if there may be for that of a sidewalk.  The curbing is said to be "an integral part" of the highway.  So also is a sidewalk, and the difference is of no legal significance.

*Judgment for the plaintiff.*

BRANCH, J., did not sit: the others concurred.