Charles Lambiase, J.
Petitioner prays “ for an order, pursuant to Article 78 of the Civil Practice Act, annulling the determination and decision of the above named respondents in denying to the petitioner herein a building permit so as to permit the erection of a residence at Lot No. 19 Gustke Subdivision, Legionnaire Drive, Irondequoit, New York, and directing the respondents and the Building Inspector of the Town of Irondequoit to issue a permit therefor, and for such, other and further relief as to this Court may seem just and proper.”
Petitioner applied to the Building Department of the Town of Irondequoit, New York, for a permit to erect a house on its Lot No. 19 of the Gustke Subdivision on Legionnaire Drive in said town. That lot at all times herein mentioned fronted on said Legionnaire Drive as laid out on a map filed in the Irondequoit Town Clerk’s office and in the Monroe County Clerk’s office on November 30, 1926. A permit having been denied it, petitioner made application to the Zoning Board of Appeals of said town for permission to erect said dwelling, which permission was denied for the reason that the area involved being without surface drainage and proper sewer facilities, the building of dwellings thereon would create an extreme health hazard to the people buying such dwellings. It was determined that no permit would issue until there was such proper drainage and *878 sanitary facilities. Petitioner then brought on this proceeding. (Town Law, § 280-a, subd. 3.)
The zoning board contends that its authority for thus denying the permit is found in said section 280-a of the Town Law. Petitioner, on the other hand, contends that its application does not come within the provisions of said section as that section relates to building permits not on improved mapped streets, and maintains that Legionnaire Drive is a paved street shown on the filed subdivision map hereinbefore mentioned, which street has been maintained by the Town of Irondequoit since 1926, and submits that other lots on the street have been built upon and used for residential purposes with permits issued by the town authorities.
The issuance of a building permit herein is governed by section 280-a of the Town Law. The section prescribes two factors which determine the right to issue such a building permit. Under subdivision 1 of said section there must be a street or highway of the character specified in the section giving access to the proposed building, and under subdivision 2 it is provided that: “ 2. Before such permit shall be issued such street or highway shall have been suitably improved to the satisfaction of the town board or planning board, if empowered by the town board in accordance with standards and specifications approved by the town board, as adequate in respect to the public health, safety and general welfare for the special circumstances of the particular street or highway.”
Petitioner has established its qualifications under said section 280-a (subd. 1, par. c) because the lot is located on a street shown on a plat which was filed and recorded in the office of the County Clerk prior to the appointment of the planning board and the grant to such board of the power to approve plats. Some question has been raised as to whether or not Legionnaire Drive had been formally dedicated to public use. However, as there is access to petitioner’s lot by means of a street which qualifies it for a building permit under subdivision 1, it is immaterial whether or not the street on which the lot fronts has been dedicated. (Matter of Bayer v. Pugsley, 13 Misc 2d 610, 613, affd. 7 A D 2d 828.)
The zoning board refused to issue the permit by virtue of subdivision 2 of section 280-a aforesaid hereinbefore quoted in pertinent part. Petitioner’s contention with reference to said subdivision is untenable for the requirement that the road giving access to the proposed structure be “ suitably improved ” before a building permit may be issued has been declared constitu *879 tional, and the refusal to issue a permit based upon this subdivision has been sustained even though the lot was upon a street or highway which would otherwise qualify for a permit under subdivision 1. (Matter of Brous v. Smith, 304 N. Y. 164; Matter of Bayer v. Pugsley, 13 Misc 2d 610, affd. 7 A D 2d 828, supra.)
It is well settled that a court may not substitute its judgment Tor that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion. (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508.) Applying that rule of law we find nothing which has been presented to us, including the argument that other lots on the street have been built upon or used for residential purposes with permits issued by the town authorities, which furnishes the basis for disturbing the determination of the zoning board. The proceeding is dismissed.
The determination of the Zoning Board of Appeals, therefore, must be and hereby is confirmed. Submit order accordingly.