Jack Stanislaw, J.
This is a petition for an order directing the approval of an application for a building permit. Respondent, Building Inspector of the Town of Babylon, refuses to issue such permit except on condition that certain curbs and sidewalks be constructed and that there be either regrading and oiling of the adjacent road or leaching catch basin installed.
Correctly anticipating respondent’s argument that he has failed to exhaust his available administrative remedies by appealing to the Town Board of Appeals, petitioner notes his claim that the imposition of these conditions is an unconstitutional exercise of respondent’s power. It is abundantly clear that this proceeding has been properly initiated in this court by reason of the constitutional issue presented, over which the local Board of Appeals has no jurisdiction. (Matter of Cherry v. Brumbaugh, 255 App. Div. 880.) “ The local board of appeals *' * * has no jurisdiction to set aside an ordinance as unconstitutional ”. (Matter of Lindner v. Frisina, 194 N. Y. S. 2d 843; Matter of Colonial Estates v. Stamco, 39 Misc 2d 396.) Had Catalfamo first petitioned the Board of Appeals the constitutionality of the refusal herein would have been acknowledged (Matter of Bobandal Realties v. Worthington, 39 Misc 2d 756).
It is not denied that the subject lot abuts an improved road, and that there will be suitable access to the proposed structure (Town Law, § 280-a, subds. 1, 5). However, respondent insists that bordering streets have not been “ suitably improved” (Town Law, § 280-a, subd. 2) so as to be adequate for the public health, safety and welfare. Reliance is placed on the existence of curbs ;and sidewalks in surrounding streets so as to designate the within conditions as “ special circumstances ” *431 rendering them unsuitable. The pertinent question is whether a building permit for property abutting an improved, mapped road, providing access thereto, may nevertheless be made subject to conditions as to that road because it has not been ‘ ‘ suitably improved ’ ’ to the satisfaction of the Town Board.
There is no question but that the providing of roads and access may be made conditions to the granting of a building permit. (Matter of Brous v. Smith, 304 N. Y. 164.) Proceeding further, it has been held that even where roads, and access, are present, their improvement need not be considered ipso facto suitable, with the result that refusal or restriction of building permits will be proper. (Matter of Bayer v. Pugsley, 13 Misc 2d 610, affd. 7 A D 2d 828; Green Acres Bldg. Corp. v. Board of Zoning Appeals, 22 Misc 2d 877; Matter of Board of Educ., 216 N. Y. S. 2d 811, 815.)
It is entirely possible, as petitioner suggests, that respondent has ingeniously concocted a broad scheme to ultimately result in a completely sidewalked township by simply designating the absence of same as 1 ‘ unsuitable ’ ’. On the other hand, towns generally are not required to provide drainage (Town Law, § 198, subd. 2) or sidewalks (Town Law, § 198, subd. 10-b). Parenthetically, towns may not be able to require others to so provide either. But here the issue is not one of the presence or absence of the power of the local governing body to insist upon the meeting of certain conditions in a vacuum. Precisely, it has been decided here that the public health, safety and welfare will be served by sidewalks here, and oiling or a catch basin here.
Town Boards act legislatively with regard to “ The well-being, order, protection, government, safety and health of persons and property therein.” (Town Law, § 51-a, subd. 1, par. c, cl. [12].) This respondent’s conclusion is based upon the exercise of a delegated governmental function as especially connected with the issuance of building permits. The board’s satisfaction with a particular street as suitably improved or to be improved is not an extraordinary exercise of its function as the local governmental unit. The prerequisites demanded of this petitioner before issuance of the permit were legitimate end-products of statutory responsibility and within the framework of respondent’s constitutional powers. (Matter of Brous v. Smith, 304 N. Y. 164, 170, supra.)
Oatalfamo has placed reliance upon the case of Reggs Homes v. Dickerson (16 Misc 2d 732, affd. 8 A D 2d 640). However, that decision stated, with specific regard to the issue now before this court “ no issue has been raised concerning whether *432 or not the town hoard has empowered the planning board to impose such a condition in accordance with standards and specifications approved by the town board as required by subdivision 2 of section 280-a of the Town Law. It will be assumed that there has been due compliance with this section.” On the other hand, although constitutionality appears upon the facts now before the court, the inference of an unconstitutional design or plan on the part of respondent cannot be treated without further and fuller development of facts relating to prior similar refusals or conditional allowances of building permits, if any. (Matter of 440 East 102nd St. Corp. v. Murdock, 285 N. Y. 298; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537.) This court therefore deems it advisable that a trial of this particular issue of fact be had. (CPLR, 7804, subd. [h].) The parties are directed to appear before a Special Term of this court for a trial of this issue on a date as they may agree to stipulate, or a day certain to be fixed upon the application of either.