**211 A.2d 627.**

TOWN OF BRISTOL *vs.* CASTLE CONSTRUCTION COMPANY.

JULY 6, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is a bill in equity to compel the respondent to construct roads on a plat entitled "Replat of Bristol Park Shores Plat #4 Bristol — R. I." in accordance with certain platting regulations. The cause was heard by a justice of the superior court on bill, answer and an agreed statement of facts, and resulted in the entry of a decree denying and dismissing the bill. From such decree the complainant has appealed to this court.

Under the agreed statement of facts it appears that on July 30, 1948, Washington Park Shores, Inc., hereinafter referred to as the applicant, applied to the town council of the complainant town of Bristol for approval of a plat entitled "Bristol Park Shores Plat #4 Bristol — R. I." After the applicant had obtained prior approval from the solicitor and the planning board of the town, the council granted its approval and ordered the plat recorded as of October 4, 1948.

It is agreed that under the ordinances and regulations then in force there was no obligation on the applicant to construct the highways delineated on the plat. On November 7, 1949 permission was requested of the planning board to replat the lots on Sowams Drive so that each would have a frontage of 70 feet or more. On the original plat they had a frontage of only 55 or 60 feet. After having sold several lots on the original plat to various purchasers, the applicant sold the remaining lots to respondent Castle Construction Company. The board thereafter granted respondent permission to change the size of the lots on condition that it file a new plat of the entire Bristol Park Shores

Plat #4 showing the change in such frontage. The respondent complied and filed a replat of Bristol Park Shores Plat #4 which, although it showed the requested change in the lots on Sowams Drive, did not alter the location of any existing roads or create any new roads.

On December 12, 1949 and before respondent took any further action, the town council adopted an ordinance providing that prior to the acceptance and recording of any new plats all roads on such plats would be constructed to subgrade in accordance with regulations specified in the ordinance. After the enactment of the ordinance respondent's replat was approved by the proper authorities and duly recorded. The town thereafter took the position that respondent's replat came within the purview of the ordinance and on December 14, 1963 filed the instant bill of complaint to compel respondent to construct the roads shown on the replat in accordance with the platting regulations adopted December 12, 1949.

The cause was first heard on complainant's prayer for a preliminary injunction which was denied. Thereafter, following a hearing on the merits, the trial justice filed a rescript denying and dismissing the bill on the ground that: "Clearly there is nothing in the law conferring jurisdiction on the Court to compel respondent to file a bond (and such relief is not prayed); nor is there any power in the Court, in the absence of a bond, to 'enforce' a bond or to compel respondent to 'construct said roads'."

The complainant contends that this was error. It argues that a replat of land previously platted and recorded is subject to platting rules and regulations adopted in the interval between the approval of the original plat and the replat even though the replat effected only changes in lot lines on a portion of the original plat. It further contends that the approval and recording of the replat subjected respondent to the existing platting rules and regulations, and the fact that there was no provision in such regulations

for a performance bond did not release respondent from the obligation to construct the roads shown on the replat.

The complainant bases those contentions largely on the language of the opening paragraph of the platting rules and regulations adopted by the planning board on January 20, 1950, which reads as follows: "Listed below are the plat requirements of the Town of Bristol. These requirements must be met before any plat, or replat of an existing plat, can be accepted and placed on record." Because a replat is expressly referred to therein it contends that respondent having elected to file such a replat of the original plat is bound by that provision to construct roads on the entire plat. It recognizes that respondent did not by such replatting make any changes in the roads shown on the original plat or create any new roads, but it contends that this fact is of no consequence to relieve respondent from performing the obligations expressly prescribed by the rules and regulations under which it was permitted to file its replat.

In our opinion this is an extremely strict construction of the opening paragraph of the platting rules and regulations and is not reasonable in the circumstances of the instant case. The complainant concedes that it has been unable to find any precedent in this state for its position, but in support thereof cites *Brous* v. *Smith*, 304 N. Y. 164, which it claims is similar to the case at bar. Upon examination of that case we cannot agree that it is similar either on the facts or the issue of law raised by the pleadings and decided by the court. That issue was one of the constitutionality of the municipal ordinance in question and not its construction. Moreover the ordinance there expressly provided for the posting of a performance bond, which was the very thing the trial justice found was fatally lacking in the ordinance here.

Upon full consideration of the contentions advanced by complainant in support of its position we are unable

to accept its construction of the ordinance. A reasonable construction thereof does not require one who submits a replat of a previously accepted plat to assume the obligation to construct the roads shown on the original plat unless such replat affects such roads.

After the original plat was approved and permitted to be filed there was an incipient dedication of such roads to the public, *Parrillo* v. *Riccitelli,* 84 R. I. 276, and by virtue of P. L. 1945, chap. 1631, sec. 9, the approval of the plat by the planning board constituted "the acceptance by the public" of the roads thus offered for dedication. Consequently when respondent sought permission to replat the lots on Sowams Drive those roads had become public roads subject to be improved and maintained by the town at the option of its governing body.

In such circumstances it would be unjust to require an owner of lots on the plat to assume the obligation to subgrade all the roads thereon merely because it filed a replat to show frontage changes in the lots on a certain road on the plat. For this reason, as well as for the specific reasons he relied on in his decision, the trial justice did not err in denying and dismissing the bill of complaint.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Anthony R. Berretto,* Town Solicitor, for complainant.

*Graham, Reid, Ewing & Stapleton, Edward J. Regan,* for respondent.