Hillsborough
No. 6901

KBW, Inc. v. Town of Bennington

July 31, 1975

*Hatfield & Howard* and *Lloyd N. Henderson (Mr. Henderson* orally) for the plaintiff.

*Brighton, Fernald, Taft & Hampsey* and *John R. Falby, Jr., (Mr. Falby* orally) for the defendants.

PER CURIAM. KBW, Inc., by this "Petition for Declaratory Judgment and Equitable Relief" alleges that requiring it to improve a public road which abuts the plaintiff's requested subdivision as a condition to receiving subdivision approval in the town of Bennington is invalid. All questions of law were transferred by *Perkins,* J., on an agreed statement of facts.

The facts of the case are these. On April 23, 1970, the town of Bennington pursuant to RSA 36:19-34 adopted subdivision regulations which provided in part: "Existing unpaved streets shall, wherever necessary and practical be widened and improved to the standards required by these regulations, at the expense of the subdivider." Section IV, Subparagraph B. These regulations further provided that the town may require other improvements such as sidewalks, and drainage facilities in order to receive subdivision approval. Section IV, Subparagraphs J-L (adopted April 23, 1970).

On May 1, 1972, plaintiff submitted a subdivision proposal to the Bennington Planning Board for a parcel of land fronting on West Deering Road in the town of Bennington. The proposed subdivision consists of eight rectangular and contiguous lots which vary in size from 2.67 acres to 7.25 acres. All lots are bordered on the north by West Deering Road which is a gravel road bordered on its northerly side by the Contoocook River. On the south all

lots are bordered by a Boston and Maine Railroad track. On the east the subdivision is bordered by land, and on the west Lot 1 of the subdivision is bordered by Bennington Road, a paved highway. The only access for Lots 2 through 8 is by means of the West Deering Road.

This road, sometimes known as the Second New Hampshire Turnpike, runs in an east-west direction and is classified as a Class V highway. RSA 231:8. It is a gravel road connecting two paved highways, one of which is Bennington Road. The subdivision borders on 1,933 feet of the West Deering Road the entire length of which is 1.3 miles. Both parties agree that if the road is to be widened, this must be done on the plaintiff's property since the river borders the West Deering Road on its opposite side.

After much negotiation and initial disapproval of the subdivision plan because of the inadequacy of the West Deering Road, the board determined that the plan would be approved subject to a condition that the plaintiff would improve the West Deering Road to the following specifications: "Eighteen-foot gravel road with two-foot shoulders; twenty-six feet between ditches, removing as few trees as possible on the river side. There should also be three culverts (one eighteen-inch and two twenty-four inch, the location to be determined by the Planning Board.)"; and that the plaintiff dedicate a portion of its land so as to insure a right of way for the road of fifty feet in width. The plaintiff does not object to dedicating this right of way. Without prejudice, the plaintiff posted a $4,000 performance bond on August 29, 1972. *See* RSA 36:22. Thereafter, on October 3, 1972, without appealing the board's decision (RSA 36:34) the plaintiff commenced this action contesting the validity of the condition to the approval of the subdivision, namely, the required improvements to the highway.

The planning board was authorized by RSA 36:21 to adopt regulations providing against "premature" subdivision which "would involve danger or injury to health, safety, or prosperity by reason of the lack of . . . drainage, transportation, . . . or other public services"; and to provide among other things, "for suitably located streets of sufficient width to accommodate existing and prospective traffic and to afford . . . access of firefighting apparatus . . . and be coordinated so as to compose a convenient system". The regulations of the defendant's planning board provided in part: "Existing unpaved streets shall, whenever necessary and practicable be widened and improved to the standards required by these regulations, at the expense of the subdivider."

RSA 36:22 expressly authorized the imposition of conditions precedent to the approval of the plan, fixing "the manner in which streets shall be graded and improved". *See also* RSA 36:19. Thus the authority of the board was not limited to consideration of streets within the subdivision, but extended to off-site improvements and obligations necessitated by the proposed development. The conditions imposed by the board were within recognized limits, and supported by general authority. *Brous v. Smith,* 304 N.Y. 164, 106 N.E.2d 503 (1952); *Kreiger v. Planning Comm'n,* 224 Md. 320, 167 A.2d 885 (1961); *Ayres v. City Council,* 34 Cal. 2d 31, 207 P.2d 1 (1949); *see* R. Anderson, American Law of Zoning §§ 19:32-36 (1968, Supp. 1974); 3 A. Rathkopf, The Law of Zoning and Planning 71-51 *et seq.* (3d ed. 1972, Supp. 1973); 2 E. Yokley, Zoning Law and Practice § 12-6 (1965, Supp. 1974). *See also Carter v. Nashua,* 113 N.H. 407, 308 A.2d 847 (1973); Annot., 11 A.L.R.2d 524 (1950, Supps. 1971, 1975).

In the case before us, the board could find that the improvements to the West Deering Road were required only because of the plaintiff's proposed subdivision, since they would not extend beyond the frontage of plaintiff's land and no residences are presently situated on the road within the town beyond the frontage of plaintiff's land. The conditions contained no provision for maintenance of the highway, which remained the responsibility of the town. Nor would they shift any public burden to a private owner, as was thought to be the case in *State v. Jackman,* 69 N.H. 318, 41 A. 347 (1898), involving an ordinance requiring an owner to clear snow from an adjoining sidewalk. Rather they constituted permissible regulation of the plaintiff's development business, in the interest of the public safety, health and welfare. *See Flanagan v. Hollis,* 112 N.H. 222, 293 A.2d 328 (1972). On the record before us, the conditions were reasonable, and are valid and enforceable.

*Petition dismissed.*

GRIMES, J., dissented.

GRIMES, J., dissenting: West Deering Road is a Class V highway which the town is required to maintain. RSA 231:8; RSA 245:1; RSA 247:1. It is used by twenty-five to thirty cars a day. This number is increased in the summer months. Two families live on the road in the town of Deering. The road is a rural mail route.

I find no statutory authority for the town to impose on others the burden of performing its duty or to require off-site improve-

ments as a condition of the granting of subdivision approval.

Even granting that statutory authority exists, as the court holds, the constitution prevents imposing the whole cost of a public benefit upon a landowner instead of upon the public generally. Such action amounts to a special assessment and must conform to constitutional requirements of equality and proportionality. N.H. CONST. pt. I, art. 12; *State v. Jackman,* 69 N.H. 318, 41 A. 347 (1898). The value of the assessment must not exceed the value of the special benefit, a benefit not common to the public in general. *Manchester v. Straw,* 86 N.H. 390, 391-92, 169 A. 592, 593 (1933). *See also Opinion of the Justices,* 109 N.H. 396, 401, 254 A.2d 273, 277 (1969); *Standard Oil Co. v. Nashua Street Rwy.,* 88 N.H. 342, 344, 189 A. 166, 167 (1937).

Off-site exactions may be required of a subdivider only in proportion as "bears a rational nexus to the needs created by, and the benefits conferred upon, the subdivision." *Longridge Builders, Inc. v. Planning Bd. of Princeton Tp.,* 52 N.J. 348, 350, 245 A.2d 336, 337-38 (1968); *see Manchester v. Straw supra;* 3 R. Anderson, Zoning § 19.36 (1968, Supp. 1974); 3 A. Rathkopf, The Law of Zoning and Planning ch. 71, § 7 (1972, Supp. 1973); D. Hagman, Urban Planning and Land Development Control Law § 138, at 255-58 (1971). The extent of the special benefit, if any, which plaintiff would receive is a question of fact "to be decided in ... case of controversy by a judicial tribunal". *Manchester v. Straw,* 86 N.H. 390, 393, 169 A. 592, 594 (1933). Without such a finding there can be no legal basis for requiring the plaintiff to bear any part of the burden of the off-site improvement.

It could not be found that the general public will not benefit to some extent by the improvement and therefore the requirement that plaintiff bear the entire expense is unconstitutional. Seventy-seven years ago Justice Blodgett in striking down a Concord ordinance which would have required a landowner to keep the highway in front of his premises in suitable condition said that shifting a public burden on one class of property owners could not "be done in this jurisdiction until the constitutional reservations and guarantees intended 'as a protection of the subject against the government...' are regarded as 'glittering generalities' merely and the reported decisions of three generations of courts are reversed. That time may come, but it has not yet arrived." *State v. Jackman,* 69 N.H. 318, 332, 41 A. 347, 349 (1898). Apparently, the time has now arrived over my dissent.