Merrimack
No. 7396

YENCING REALTY CO., INC.

v.

CITY OF CONCORD

September 30, 1976

*Stanley, Tardif & Shapiro (Mr. R. Peter Shapiro* orally) for the plaintiff.

*Paul F. Cavanaugh,* city solicitor, by brief and orally, for the defendant.

LAMPRON, J.   Appeal under RSA 252:15 from the refusal of the city of Concord to revise an assessment levied against plaintiff's land for the construction of sewers in Loudon Road. Plaintiff's property containing 1.8 acres was assessed $7,156.57 which it claims is excessive, arbitrary and capricious as well as disproportionate, taking into consideration the front footage, depth, use and other reasonable and proper factors for property valuation. The Trial Court *(Batchelder,* J.) transferred without ruling all

questions of law raised by the pleadings and proceedings in conjunction with this assessment.

On November 8, 1971, by resolution of its council, the city of Concord voted to extend easterly for a distance of about 2,450 feet its sanitary sewer main in Loudon Road. It was also voted that "Fifty percent of the cost of the proposed extension shall be paid by Special Assessment upon those benefited." It was further voted that "The assessment shall be spread over the parcels of land within the area on a frontage foot basis with such modifications of said frontage foot method as are necessary to assure that all persons benefited pay their proper share of the proposed expenses." Laws 1949, 418:42, :43; see RSA ch. 252; Laws 1941, ch. 168.

Plaintiff's 1.8 acre triangular shaped lot has a frontage of 670 feet on Loudon Road. It was utilized for the sale and servicing of garden equipment and recreation vehicles. The building thereon had been constructed about three years prior to the sewer extension and contained its own septic sewerage system. The properties affected by the extended sewer were diverse in size, shape and foot frontage. The lots ranged in size from a low of 4/10 of an acre to a high of 80 acres. Front footage ranged from a high of 670 linear feet to a low of 89. The estimated total cost of the project was $127,240. One half, $63,620, was to be paid by the abutting landowners at the rate of $13.056 per front foot. Under the "front footage" formula with certain modifications used by the city, plaintiff was assessed $7,156.57, payable $715.66 per year for ten years. This was based on an adjusted 526 foot frontage.

Plaintiff maintains that the use of a formula based on front footage does not produce a proportionate division of the costs to be assessed among those benefited. In support of its position plaintiff argues that an apportionment of costs on a raw acreage basis would produce a yearly assessment of $589.68 instead of $715.66 levied against plaintiff by the city. This could be adjusted to reflect useable acreage. It also argues that a formula based on the assessed value of the different lots involved exclusive of improvements thereon would yield a more equitable assessment in relation to the benefits conferred by the sewer extension. Plaintiff requests us to advise the trial court that in considering its pending abatement appeal it should use "as the base for apportionment of the project cost the acreage or property assessments exclusive of improvements."

The general principles which govern the levy of special assessments for benefits conferred by improvements are the following.

An owner should not pay substantially more than what he receives by reason of the improvements. His share must not be assessed proportionately more in relation to other parcels throughout the area benefited. *Granite State Land Co. v. Hampton,* 77 N.H. 179, 181, 89 A. 842, 844 (1914); *Manchester v. Straw,* 86 N.H. 390, 393, 169 A. 592, 594 (1933); *Mt. St. Mary's Cemetery Ass'n v. Mullins,* 248 U.S. 501, 506 (1919).

In many cases it is difficult to estimate the amount of benefit with absolute accuracy. "[T]here never has been and probably never will be a perfectly equitable distribution of the assessment burden, so statutes or methods for the apportionment of assessments are not to be stricken down merely because they 'fail to attain the unattainable'". *Weitz v. Davis,* 102 Ariz. 40, 43, 424 P.2d 168, 171 (1967). Hence methods of determination must be adopted "which are practicable, and which at the same time will give a reasonable approximation to accuracy. The selection of methods is primarily a matter for the Legislature, and much latitude must be allowed it in the exercise of its judgment and discretion in regard to a subject of this kind." *Manchester v. Straw,* 86 N.H. 390, 393, 169 A. 592, 594 (1933); 70 Am. Jur. 2d *Special or Local Assessments* § 82 (1973). Our legislature has not mandated a specific formula but rather has granted to the city of Concord the authority to fix the procedures to be followed in such matters. Laws 1949, 418:42, :43; Concord N.H., Municipal Code of Ordinances, ch. 2, art. 3.

The city of Concord by resolution of its city council adopted the following method of levy. "The assessment shall be spread over the parcels of land within the area on a frontage foot basis with such modifications of said frontage foot method as are necessary to assure that all persons benefited pay their proper share of the proposed expenses."

The "frontage foot" formula adopted by the city is a well recognized method of apportioning the costs of special improvements among the owners benefited. *Gast Realty & I. Co. v. Schneider Granite Co.,* 240 U.S. 55 (1916); 70 Am. Jur. 2d *Special or Local Assessments* § 91 (1973). It does not in itself necessarily produce an assessment according to benefit. However, when, as in this case, it is to be modified to assure that all persons benefited pay their proper share, we cannot say as a matter of law that such a formula will produce disproportionate or unreasonable assessments. *Manchester v. Straw,* 86 N.H. 390, 393, 169 A. 592, 594 (1933); *Paul Scotton Con. Co., Inc. v. Mayor & Coun. of Dover,* 314

A.2d 182 (Del. 1973); *see Whitemarsh Township Auth. v. Elwert,* 413 Pa. 329, 196 A.2d 843 (1964). We hold the formula adopted by Concord to be valid and the merits of plaintiff's appeal should be determined under it. *See In re Petition to Levy Special Assessment,* 15 Ill. App. 3d 357, 360, 304 N.E.2d 496, 498 (1973).

The assessments made by the city board of revision of assessments and approved by the city council are conclusive in the absence of fraud, bad faith or arbitrariness. 70 Am. Jur. 2d *Special or Local Assessments* §§ 158-60 (1973); *see Hammer v. City of Tucson,* 547 P.2d 500 (Ariz. App. 1976). The burden is on the plaintiff to show that the assessment made against its property on account of the Loudon Road sewer extension substantially exceeds the benefits conferred or is disproportionate to the assessments of the other owners affected.

*Remanded.*

All concurred.