TOWN OF STONEHAM *vs.* PETER P. SAVELO & another.

Middlesex.   October 4, 1960. — November 22, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Subdivision Control.   Contract,* Validity, With municipality, Performance
and breach.   *Damages,* For breach of contract.

An agreement, made with a town by the applicant in an application to its
planning board for approval of a subdivision of a parcel of land under
the subdivision control law, that in the event of such approval the ap-
plicant would construct, and install certain utilities in, the proposed
ways shown on a plan constituting part of the application and the
agreement, on which was shown a private way extending from a public
way several hundred feet to the subdivision and thence through the
subdivision, applied to the portion of such private way outside the sub-
division as well as to the portion within it, and was not illegal and un-
enforceable in binding the applicant to the performance of work upon
the outside portion even if he did not have title thereto or right of entry
thereon.   [458–459]

A town with which a subdivider of land agreed to do work of construct-
ing a way and installing utilities therein in the event of approval of his
subdivision by the town's planning board under the subdivision control
law was entitled, upon his failure to do the work after such approval,
to recover the reasonable cost to it of doing the work in an action
against him for breach of his agreement and against the surety on a
bond given by him conditioned on performance of the work.   [459]

CONTRACT.   Writ in the Fourth District Court of Eastern
Middlesex dated July 15, 1957.

Upon removal to the Superior Court the action was heard
by *Coddaire,* J., who found for the plaintiff.   The defend-
ants alleged exceptions.

*Joseph G. Kelly,* for the defendants.

*Alfred C. Walton,* (*Kenneth A. Currie,* Town Counsel,
with him,) for the plaintiff.

WILLIAMS, J.   On November 10, 1953, the planning board
of Stoneham approved the application of the defendant
Savelo for a subdivision of a certain nine acre parcel of

land located within the town. The application stated that he "desires to subdivide a parcel of land and to open . . . ways for public use. . . . The proposed ways run from Franklin Street to Lake St. all as more particularly described and bounded on the plat filed herewith and made a part of this application and agreement. The undersigned [the applicant] . . . hereby covenants and agrees with the town of Stoneham upon approval of the plat: (1) To install the utilities and complete the ways as finally approved by the board within 12 months from the date hereof, and (2) To install the drainage, water and sewer structures as shown on the approved plat and to complete and construct the said ways to the lines and grades as shown on the approved plat and in accordance with the specifications of the superintendent of public works, which are attached hereto and hereby made a part of this agreement." The only way other than Franklin Street shown on the annexed plat or plan was a private way called Walsh Avenue which ran through the subdivision and therefrom approximately 339 feet to Franklin Street, a public way. All of the lots in the subdivision abutted on Walsh Avenue.

After approval of the application the town installed an eight inch water line in Walsh Avenue from Franklin Street to the subdivision and Savelo installed drainage, water and sewer structures and completed Walsh Avenue within the subdivision. He also furnished bonds with the defendant New Amsterdam Casualty Company as surety conditioned on the performance of his contract. He failed to install the specified structures, other than a sewer, in the section of Walsh Avenue lying between the subdivision and Franklin Street and to complete and construct that part of the avenue. The surety company was duly notified of his failure.

The town has brought this action of contract against Savelo and the surety company alleging in count 1 of its declaration breach of the above contract by Savelo and in count 2 breach by the surety company of its obligation on the bonds. See G. L. c. 41, § 81U, inserted by St. 1953,

c. 674, § 7.[1]   A judge of the Superior Court found for the plaintiff on each count in the amount of $5,157.   The case is here on Savelo's exceptions to the denial of his requests for rulings and to the admission of a question to the town engineer on damage, and on the casualty company's exceptions to the "court's finding, ruling and decision."

There was evidence from which it could be found that before July, 1953, Walsh Avenue was a "rough, broken, unfinished road" with, at one point, a rock ledge narrowing its width to twelve or fifteen feet and did not provide adequate access for vehicular traffic from Franklin Street to the subdivision.   See *Rettig* v. *Planning Bd. of Rowley,* 332 Mass. 476, 481.   To provide such access to a proposed subdivision from a public way is one of the principal objects of the subdivision control law.   See *Daley Constr. Co. Inc.* v. *Planning Bd. of Randolph,* 340 Mass. 149, 154.   It is provided by G. L. c. 41, § 81M, inserted by St. 1953, c. 674, § 7, that "[t]he powers of a planning board . . . shall be exercised with due regard for the provision of adequate access to all of the lots in a subdivision by ways that will be safe and convenient for travel; . . . for securing adequate provision for water, sewerage, drainage and other requirements where necessary . . . ; and for co-ordinating the ways in a subdivision with each other and with the public ways in the city or town in which it is located . . . ."   The terms on which Savelo obtained approval of his proposal for the subdivision are plainly set forth in his application and the annexed plan.   There is no merit in his claim that he did not understand that his obligation to provide utility structures and an adequate means of access to a public way extended to the part of Walsh Avenue between the subdivision and Franklin Street.   The terms of his contract were clear and unambiguous.   His principal contention is that, if the contract was not limited to the area within the

---

[1] "Before approval of a plan by a planning board it may require provision for the construction of ways and the installation of municipal services in accordance with its rules and regulations, . . . with proper bond, or, at the election of the applicant, the deposit of money or negotiable securities, sufficient, in the opinion of the board, to secure performance . . . ."

subdivision, it was illegal and unenforceable because its performance required work upon a private way to which he had no right of entry. It does not appear who owned Walsh Avenue between the subdivision and Franklin Street; but, regardless of title, Savelo undertook to have that part of the way constructed in accordance with the specifications of the town. The planning board could properly rely upon his agreement and was not obliged to examine into the probabilities of his performance. See *Wiley & Foss, Inc.* v. *Saxony Theatres, Inc.* 335 Mass. 257, 261. A person may be bound by his contract although at the time it was made he had no present ability to perform it. *Boyden* v. *Hill,* 198 Mass. 477, 483–484.

At the conclusion of the evidence Savelo requested the judge to rule that upon the pleadings, the evidence and the law the judge would not be warranted in finding for the plaintiff; that upon the pleadings, the evidence and the law the finding should be for the defendant; and that if Savelo broke the contract the plaintiff is entitled to only nominal damages. There was no error in the denial of these requests, or in the finding, ruling and decision. There was also no error in allowing, subject to Savelo's exception, a question to the town engineer, "Now what is your estimate of what it would cost to finish Walsh Avenue from Franklin Street . . . [to the subdivision]?" The engineer answered, "$5,200." No question was raised as to the competency of the town engineer to express an opinion as to the estimated cost. The town was entitled to recover damages in the amount which it would reasonably cost it to do the work for which Savelo had contracted. *Ficara* v. *Belleau,* 331 Mass. 80. *DiMare* v. *Capaldi,* 336 Mass. 497, 501–502. Restatement: Contracts, § 346 (1) (a) (i).

*Exceptions overruled.*