[Civ. No. 25416.   Second Dist., Div. Three.   Apr. 26, 1961.]

THE CITY OF SIERRA MADRE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PRESCOTT BUILDING COMPANY (a Corporation) et al., Real Parties in Interest.

588

Charles R. Martin, City Attorney, for Petitioner.

Anson, Gleaves & Larson as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Thomas E. Garcin for Real Parties in Interest.

NOURSE, J. pro tem.*—The city of Sierra Madre, a municical corporation of the sixth class, petitions for a writ of prohibition to prevent respondent court from proceeding under the first cause of action set forth in a complaint filed by real parties in interest, Prescott Building Company, a corporation and Gigantic Building Company, a corporation, whereby they sought, in the name of the petitioner here to condemn certain real property situate within the boundaries of the city of Sierra Madre.

By said first cause of action they sought in the name of the city, a judgment of condemnation of the subject real property for purposes of use as a public road or street. It is admitted that the city of Sierra Madre has not expressly authorized an action to be commenced for the taking of the subject property for any purpose.[1]

---

[1] The complaint does not allege that the city has authorized the bringing of the action.

*Assigned by Chairman of Judicial Council.

Real parties in interest are the owners of certain real property contiguous to the property sought to be condemned and have sought to subdivide this property and to procure approval by the planning commission and city council of Sierra Madre to their plans for said subdivision. The planning commission and the city council have given their approval of the subdivision upon certain conditions, among these being that the property which real parties in interest seek to condemn be acquired by them and dedicated to the city as a public road. The planning commission, in its resolution giving its conditional approval to the tentative map of the subdivision, stated as one of the conditions to be met by the subdividers: ''(D) That the 50 ft. private street south of the tract be acquired by the subdivider through any means permitted by law, and the full width be dedicated to the public and improved with surfacing, curbs and gutters according to City specifications and subject to the drainage requirements above set forth; . . .'' Upon the findings and recommendations of the planning commission coming before the city council, the representative of real parties in interest stated to the council that the conditions attached by the planning commission were acceptable to the subdividers; that the subdividers would dedicate and improve the off-site improvements including the private portion of Toyon Road (it is this private road that is sought to be condemned) as a public street and would negotiate in good faith with the property owners for the acquisition of the property. The council then adopted a resolution reading in part as follows: ''That base [*sic*] upon the findings of the Planning Commission, and based upon the representations and offers of the subdivider as aforesaid, and based upon the necessity of the off-site improvements for the tract, and in particular the acquisition of the private road for public road purposes to provide access and the subdivider's off [*sic*] with respect thereto, the tentative tract map of Tract No. 25616, . . . be and the same is hereby approved, subject to each, every and all of the conditions outlined and recommended by the Planning Commission . . ., and failure of the subdivider to comply with any of such conditions, or failure on the part of the subdivider to comply with his offers concerning off-site improvements shall be grounds for the disapproval of any final tract map or any portion thereof; . . .'' Thereafter the subject action was commenced and at the time the complaint

was filed real parties in interest applied for and secured an order for immediate possession of the property sought to be condemned.

■ The power to take private property situate within the boundaries of a city is vested in the city. It must be exercised by the city through its legislative body. The power given is a discretionary one, the discretion to be exercised by the legislative body of the city (McQuillin, Municipal Corporations [2d ed.] vol. 1, § 394 at p. 1101), and in the event of its authorizing any action for condemnation it must be brought in the name of the city (Code Civ. Proc., § 1244, subd. 1). ■ This power vested in the city, to be exercised by the city council in its discretion, cannot be delegated (*City of Oakland* v. *Carpentier*, 13 Cal. 540; *Smith* v. *Morse*, 2 Cal. 524; *Ex parte Kinney*, 53 Cal.App. 792 [200 P. 966] ; McQuillin, Municipal Corporations [2d ed.] vol. 1, § 393, pp. 1094 et seq.) and that discretion is not subject to control by the courts. (*In re City & County of San Francisco*, 191 Cal. 172 [215 P. 549] ; McQuillin, Municipal Corporations [2d ed.] vol. 1, § 390, pp. 1068-1071.)

■ Real parties in interest, while conceding that they have not been authorized by the city to commence the action, argue that as the city requires them to acquire the property in question but itself refuses to condemn the property, it is estopped to assert that real parties in interest may not, in the city's name, assert the city's right of eminent domain. This contention is wholly lacking in substance or merit. There is no element of estoppel present. It was within the discretion of the planning commission and the city council to place any reasonable condition upon the acceptance of the proposed subdivision maps and this discretion cannot be ham-strung by requiring the city council to only impose a condition as to off-site acquisition of property by a subdivider if the council requires the city to either itself acquire the off-site property or furnish the subdivider with the means so to do.

The city did not and could not expressly delegate its right of eminent domain to real parties in interest and certainly we cannot imply from the resolution passed, that it intended so to do.

■ Inasmuch as an action to condemn property for road purposes can only be prosecuted by the municipal corporation in charge of the public use for which the property is sought and as the city is not a party plaintiff (Code Civ. Proc., § 1244), it follows that the respondent court may not entertain

the first cause of action set forth in the complaint. ▮▮▮ Although a private corporation may, under the provisions of section 1001, Civil Code, under certain circumstances, assert the right of eminent domain (see *Linggi* v. *Garovotti*, 45 Cal.2d 20 [286 P.2d 15]; *Beveridge* v. *Lewis,* 137 Cal. 619 [67 P. 1040, 70 P. 1083, 92 Am.St.Rep. 188, 58 L.R.A. 581]) it may not exercise the right of immediate possession which is conferred upon certain public or municipal corporations by article I, section 14, of the Constitution of this state. The order for immediate possession made by the lower court was one, therefore, which the court did not have the power to issue and is a nullity.

Let a peremptory writ of prohibition issue forbidding the respondent court from further proceedings under and upon the first cause of action set forth in the complaint on file in that certain action pending before it entitled "The City of Sierra Madre ex rel., Prescott Building Co., a corporation, and Gigantic Building Co., a corporation, Prescott Building Co., a corporation, and Gigantic Building Co., a corporation, Plaintiffs, versus Robert C. Anderson, Ann J. Anderson, California Bank, a corporation, et al., Defendants," being action Number 757575 in said court.

Vallée, Acting P. J., and Ford, J., concurred.