LONGRIDGE BUILDERS, INC., PLAINTIFF-RESPONDENT, v. PLANNING BOARD OF THE TOWNSHIP OF PRINCETON, IN THE COUNTY OF MERCER AND STATE OF NEW JERSEY AND THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PRINCETON, IN THE COUNTY OF MERCER AND STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Argued May 20, 1968—Decided July 11, 1968.

*Mr. Henry A. Hill, Jr.* argued the cause for appellants (*Mr. Gordon D. Griffin,* attorney; *Mr. Henry A. Hill, Jr.,* on the brief).

*Mr. Peter T. Bacsik* argued the cause for respondent (*Messrs. McCarthy, Bacsik, Hicks & Dix,* attorneys).

The opinion of the court was delivered

PER CURIAM. Plaintiff, Longridge Builders, Inc., challenges a condition imposed on its proposed subdivision by the Planning Board of Princeton Township. The condition requires the plaintiff to pave a dedicated but unimproved road right-of-way extending from the northern boundary of plaintiff's subdivision 361 feet north to an existing public road. On plaintiff's appeal to the Township Committee the imposition of this condition was affirmed. Plaintiff sought further review by an action in lieu of prerogative writs. Both the trial court and the Appellate Division held that the Planning Board had no power under the Planning Act (*N. J. S. A.* 40:55–1.1 *et seq.*) to require off-site improvements as a condition for subdivision approval. 92 *N. J. Super.* 402 (*Law Div.* 1966), aff'd, 98 *N. J. Super.* 67 (*App. Div.* 1967). On the defendants' petition we granted certification. 51 *N. J.* 183 (1968).

The facts of the case are adequately set forth in the opinions of the trial court and the Appellate Division. We

agree with the result there reached that the condition requiring plaintiff to pave the off-site right-of-way cannot stand. However, we decline to rest our decision on the reasoning of the courts below. In our view, the instant case does not present a proper occasion to consider the question, passed upon below, whether the Planning Act authorizes a municipality to impose upon a subdivider, as a planning matter, the duty to provide off-site improvements. For a general discussion on this subject, see *Town of Stoneham v. Savelo,* 341 *Mass.* 456, 170 *N. E.* 2d 417 (*Sup. Jud. Ct.* 1960); *City of Sierra Madre v. Superior Court,* 191 *Cal. App.* 2d 587, 12 *Cal. Rptr.* 836 (*Dist. Ct. App.* 1961); *Johnston, Constitutionality of Sub-Division Control Exactions: The Quest for a Rationale,* 52 *Cornell L. Q.* 871, 902–03 (1967); Heyman & Gilhool, *The Constitutionality of Imposing Increased Community Costs on New Suburban Residents Through Subdivision Exactions,* 73 *Yale L. J.* 1119 (1964). We reserve decision on this question until it is presented to us in an appropriate case.

The Land Subdivision Ordinance of Princeton Township does not establish any procedures or standards by which the cost of off-site improvements might be apportioned to the subdivider on the basis of the benefits to the subdivision. This deficiency in the ordinance is fatal to the Planning Board's attempt to require the paving of the off-site right-of-way. It is clear to us that, assuming off-site improvements could be required of a subdivider, the subdivider could be compelled only to bear that portion of the cost which bears a rational nexus to the needs created by, and benefits conferred upon, the subdivision. It would be impermissible to saddle the developer with the full cost where other property owners receive a special benefit from the improvement. See *Lake Intervale Homes, Inc v. Parsippany-Troy Hills,* 28 *N. J.* 423, 441–443 (1958). In the present case, it is stipulated that lands to the north of plaintiff's subdivision would benefit

from the improved road.[1] Thus, it is clear that the total cost of the road cannot be imposed on the plaintiff. In view of the need for such apportionment, there must be adequate standards and procedures for determining how the allocation of costs should be made. *Ibid.* The Legislature carefully has circumscribed the power of planning boards by requiring that the power be exercised in conformity with standards set forth by ordinance. *N. J. S. A.* 40:55–1.14, 1.15.[2] See *Levin v. Livingston Tp.*, 35 *N. J.* 500, 510, 514–515 (1961). Without an appropriate ordinance setting forth standards and procedures, the planning body would be left with an impermissibly broad range of discretion in exacting off-site improvements from subdividers; landowners and developers would have no basis for planning; and reviewing courts would be without a measuring rod to gauge the validity of the imposition.

---

[1] In a letter to the Township governing body, the Planning Board set forth its reasons for imposing the paving condition as including "the established policy of providing proper circulation for not only the immediate future but also for the eventual development of the area affected, *i. e.* (Gray Farm, Foster Development, Braeburn, Princeton Manor, Shady Brook and others) [other nearby subdivisions]." The Board also cited as a reason for its action the fact that the subdivision immediately to the north of plaintiff's subdivision had a potential for 23 to 25 homes and would have double access because of the new road.

[2] The pertinent provisions of these statutes are as follows:

*N. J. S. A.* 40:55–1.14:

"In any ordinance creating a planning board * * * provision may be made for the regulation of subdivisions within the municipality by approval of the planning board acting in lieu of the governing body of all plats before such plats may be filed with the county recording officer, *provided such ordinance regulating subdivisions establishes regulations, requirements, and standards for plat approval by the planning board. * * *"* (Emphasis added.)

*N. J. S. A.* 40:55–1.15:

"Before [approval of a subdivision] * * * the governing body shall adopt by ordinance, *standards* for approving the design of subdivisions and the required street improvements, requirements for the submission of subdivision plats, and the procedure to be followed by subdividers. * * *" (Emphasis added.)

The defendants contend that the paving requirement can be upheld because the property owner to the north of plaintiff's subdivision dedicated the 361 foot long right-of-way upon which the paving is to be done. By this dedication, they contend, the property owner to the north "already 'paid' for this benefit" of the road. That this dedication was a sufficient *quid pro quo* to justify imposing the full cost of paving the road on the plaintiff may or may not be true. The difficulty, however, is that there were no standards to guide the planning board in its decision. Without such standards and procedures, as required by the Planning Act, the Board had no power to impose upon a subdivider a condition that he make off-site improvements.[3] Whether such power would exist where a municipality had, by ordinance, established standards and procedures for the imposition of off-site improvements, is a question we leave for another day.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.

---

[3] Our decision here in no way impugns the power of a municipality under the assessment statute (*N. J. S. A.* 40:56–1) to impose upon a subdivision its fair share of the cost of off-site improvements made necessary by the subdivision.