112 N.J. Super. 467 (1970)
271 A.2d 719
PRINCETON RESEARCH LANDS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
PLANNING BOARD OF THE TOWNSHIP OF PRINCETON, IN THE COUNTY OF MERCER AND STATE OF NEW JERSEY, AND THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PRINCETON, IN THE COUNTY OF MERCER AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1970.
Decided October 15, 1970.
*469 Before Judges KILKENNY, HALPERN and LANE.
Mr. Gordon C. Strauss argued the cause for appellant (Messrs. McCarthy, Bacsik, Hicks and Dix, attorneys).
Mr. Kester R. Pierson argued the cause for respondents (Messrs. Mason, Griffin and Moore, attorneys; Mr. Pierson, on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Plaintiff appeals from a summary judgment granted to defendants and from a denial of its motion for summary judgment in this action in lieu of prerogative writ.
Plaintiff is the owner of a generally triangular 36.4-acre tract of land which is bounded by 4,555 feet of existing streets. In December 1967 it entered into a contract to sell a 10.9-acre rectangular portion of the tract. This portion was bounded by two of the streets a total of 1,350 feet. There were two existing structures on the 10.9-acre parcel, but the remaining 25.5 acres were vacant land. The purchaser planned to use the 10.9-acre parcel to establish a training center for executives, a use allowed in the applicable zone. There was no plan to develop the remaining 25.5 acres. An application was made to the planning board for a classification of the subdivision as "exempt." The sole purpose of the subdivision was to sell the 10.9-acre portion.
On January 8, 1968 the subdivision committee of the planning board purported to classify the subdivision as "exempt" (the terminology of the ordinance being "minor") but attached as one of three conditions the requirement that the plaintiff dedicate to the municipality land along the entire *470 street perimeter sufficient to increase the existing street right-of-way to the width established by the design standards contained in the township's subdivision ordinance. In the initial submission plaintiff had offered to make such dedication for the streets adjoining the 10.9-acre parcel. The area that was offered in the submission was 0.9 acres. The area required by the condition was 3.33 acres.
When notification of the action was received by letter dated January 8, 1968, the president of the plaintiff was out of the country. Immediately upon his return he filed an appeal with the township committee in accordance with N.J.S.A. 40:55-1.19 and the ordinance. That appeal, however, was not filed until January 19, 1968, one day after the ten-day appeal period had expired. The township committee refused to hear the appeal because it was out of time. The complaint in this action was filed February 21, 1968, contesting the validity of the condition and challenging the constitutionality of the provision of the subdivision ordinance requiring dedication of land to increase abutting streets to the design standard set in the subdivision ordinance.
On March 11, 1968 plaintiff offered to file a new subdivision plat complying with the objected-to condition, subject however to the final determination of the courts as to its validity. On April 9, 1968 the planning board rejected the offer and rescinded the classification by its committee of the proposed subdivision as minor.
The Law Division disposed of the matter by holding that the only genuine issue was the validity of the subdivision ordinance requirement of land dedication to increase the right of way of an abutting street. On the basis of dictum contained in Brazer v. Mountainside, 102 N.J. Super. 497 (Law Div. 1968), aff'd o.b. 104 N.J. Super. 456 (App. Div. 1969), the Law Division held here:
* * * [T]he Planning Board may require that plaintiff dedicate land for road widening purposes around the entire subdivision, and not merely around that land which is to be sold.
*471 Plaintiff argues that its subdivision having been classified as minor, the classification may not be changed. Further, it contends that the municipality has no authority to demand land dedication to increase the right-of-way of the existing, abutting streets, and that if there is such authority, the dedication required in this case was arbitrary, capricious and unreasonable.
Initially, we point out that the township committee should not have held that the appeal was out of time. N.J.S.A. 40:55-1.19 provides that an appeal may be taken from an action of the planning board to the governing body "within 10 days after the date of the action of the planning board." Here the appeal was filed on the eleventh day, the delay being caused by the absence of the president of the plaintiff from the country. In view of the explanation submitted by the plaintiff, it was unreasonable for the township committee to dismiss the appeal which had been expeditiously filed and was but one day beyond the ten-day period. The N.J. Court Rules, 1969 (R. 1:3-3) provide that when service of a notice or paper is made by mail and a rule or court order allows the party served a period of time after the service thereof within which to take some action, three days shall be added to the period allowed. Since the township committee is acting in a quasi-judicial capacity in hearing an appeal from the planning board, we think that it should have applied R. 1:3-3 in determining whether the appeal was timely.
Did the subdivision committee of the planning board have authority to attach a condition to its classification?
Chapter 20 of the Princeton Township Code was adopted pursuant to N.J.S.A. 40:55-1.1 et seq. Section 20.5 of the Township Code provides for final action to be taken by the planning board. A minor subdivision is defined in section 20-1:
Any subdivision containing not more than two lots fronting on an existing street, not involving any new street or road or the extension of municipal facilities, not adversely effecting [sic] the development of *472 the remainder of the parcel or adjoining property, and not in conflict with any provision or portion of the master plan, official map, Health Code, chapter 23, or this chapter.
The Princeton Township Code (section 20-1) provides that a subdivision committee of at least three members of the planning board will classify subdivisions in accordance with the Code. The committee action in classifying a subdivision as minor must be unanimous. Code, section 20-9.
Section 20-41 requires a subdivider to dedicate land for additional width for existing, adjoining streets in certain cases:
Subdivisions that adjoin or include existing streets that do not conform to widths as shown on the master plan or official map or the street width requirements of this article shall dedicate additional width along either one or both sides of the road. If the subdivision is along one side only, one-half of the required extra width shall be dedicated. (Ord. No. 278, § 8.2)
Section 20-40 provides that the width of streets shall be not less than 50 feet "or such greater width as shall be shown on the master plan or official map if such exists." There is a master plan.
Here there is some dispute as to the amount of land required for dedication, but that is not of importance. As to one street the condition required a 22' dedication. As to a second street the condition required a 13 1/2' dedication.
N.J.S.A. 40:55-1.14 permits a municipality to exempt certain subdivisions from the requirement of local municipal approval. The classes of subdivisions that may be declared exempt are those (1) in which the number of new lots is less than a designated number, or (2) in which no new streets are involved, or (3) "such other classes of subdivisions as such ordinance shall designate." It is not necessary that a municipality declare that any subdivisions are exempt. It can require all subdivisions to be treated as major subdivisions. Noble v. Mendham Tp., 91 N.J. Super. 111 *473 (App. Div. 1966), certif. den. 48 N.J. 120 (1966); Kotlarich v. Mayor & Council of Ramsey, 51 N.J. Super. 520 (App. Div. 1958).
In the classification process a planning board committee can exercise no discretion. A subdivision that is submitted either complies with the ordinance establishing exempt subdivisions and with the requirements of N.J.S.A. 40:55-1.20 (Kotlarich v. Mayor & Council of Ramsey, supra, 51 N.J. Super. at 531), or it does not. The effect of a classification of a subdivision as minor is that no further affirmative action for approval is required. The subdivision committee must accept the ordinance as it is written and apply its definition of minor subdivision to the letter. Since no discretion may be exercised in the classification process, it follows that no conditions may be imposed. The inability of a planning board committee to attach conditions to a classification is to be distinguished from the power of a planning board to impose conditions to the approval of a major subdivision. See Ardolino v. Florham Park Board of Adjustment, 24 N.J. 94, 110 (1957).
Since the subdivision committee of the planning board attached a condition to the classification of the plaintiff's subdivision, its classification action was invalid.
Practically speaking, the action of the committee was not a classification at all. It was merely a statement that if the plaintiff made the dedication, its subdivision would be classified as a minor subdivision. Clearly the plaintiff's subdivision did not comply with the definition of a minor subdivision contained in the Township Code because it did not comply with section 20-41. There was, therefore, no error in the planning board's subsequent rescission of the ultra vires action taken by its committee. Cf. Burlington County Evergreen Park Mental Hosp. v. Cooper, 56 N.J. 579, 600 (1970).
The township has stated that even if the plaintiff applies for major subdivision approval, it will not be given without compliance by the plaintiff with section 20-41. May *474 a municipality require dedication of land to increase the right-of-way of an existing, abutting, improved street?
N.J.S.A. 40:55-1.20 provides in part:
Where the planning board after hearing has adopted portions of the master plan with proposals regarding the street system within the proposed subdivision, the board may require that the street shown conform in design and in width to the proposals shown on the master plan.
Municipalities have construed this provision to give them authority to require a subdivider to dedicate land for the increase of width of an abutting, existing street which does not comply with the design standards set forth in a subdivision ordinance or by a master plan.
The Appellate Division in Longridge Builders, Inc. v. Planning Board of Princeton Tp., 98 N.J. Super. 67, 74 (1967), held that the statutory authority allowed the planning board to require the improvement only of streets "within the subdivision." Upon appeal the Supreme Court affirmed the action of the Appellate Division but refused to follow the reasoning. Longridge Builders, Inc. v. Planning Board of Princeton Tp., 52 N.J. 348 (1968). The court stated:
In our view, the instant case does not present a proper occasion to consider the question, passed upon below, whether the Planning Act authorizes a municipality to impose upon a subdivider, as a planning matter, the duty to provide off-site improvements. [at 350]
In Brazer v. Mountainside, 55 N.J. 456 (1970), the effect of the statutory provision referred to above was specifically considered. Justice Hall stated:
Therefore the provision of N.J.S.A. 40:55-1.20 and the implementing ordinance relied upon by defendants here  "[w]here the planning board after hearing has adopted portions of the master plan with proposals regarding the street system within the proposed subdivision, the board may require that the street shown conform in design and in width to the proposals on the master plan"  is validly applicable solely where the proposed street shown on the master plan is necessary to serve and benefits the subdivided lots. Conversely, *475 the quoted sentence must be construed to mean only that, where a new street or streets are necessary by reason of and to serve the subdivided lots, the Planning Board may require the location and design of such streets to conform to proposals shown on the master plan. Otherwise, the municipality, if it desires to implement the master plan, must pay compensation to the landowner for the right-of-way it desires to reserve for future use. [at 467]
Therefore, under the existing statutory authority, although a municipality may require a subdivider to establish an off-site new street and "to bear that portion of the cost which bears a rational nexus to the needs created by, and benefits conferred upon, the subdivision," (Longridge Builders, Inc. v. Planning Board of Princeton Tp., supra, 52 N.J. at 350), it may not require a subdivider to donate land to increase the right-of-way of an existing, abutting street which already serves the municipality.
Section 20-41 of the Princeton Township Code, insofar as it refers to adjoining, existing streets, exceeds the statutory authority of the municipality and is, therefore, invalid.
In view of the fact that section 20-41 has been held invalid as applied to adjoining, existing streets, upon resubmission by the plaintiff of the application for classification, the subdivision committee will be required to classify the subdivision as a minor subdivision. Although in its original application plaintiff volunteered to dedicate land for street widening purposes from the 10.9-acre parcel, such dedication may not be required by the municipality.
The judgment holding that section 20-41 of the Princeton Township Code is valid is reversed. Section 20-41 of the Code is invalid as applied to adjoining, existing streets.