Robert Mueller Associates and William Dobkin *v.* Zoning Hearing Board of Buffalo Township and Buffalo Township Planning Commission. Buffalo Township Board of Supervisors and Buffalo Township Planning Commission, Appellants.

Submitted on briefs, May 5, 1977, to Judges CRUM-LISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Lee A. Montgomery,* with him *Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery,* for appellants.

*David L. Cook,* for appellees.

OPINION BY JUDGE WILKINSON, JR., June 2, 1977:

This case involves an appeal by the Buffalo Township Board of Supervisors from an order of the Court

of Common Pleas of Butler County refusing to place certain conditions on the tentative approval of appellee's planned residential development (PRD). We affirm.

In June, 1972, appellee-developer applied to the Buffalo Township Zoning Hearing Board and the Buffalo Township Planning Commission for tentative approval of a PRD to contain 470 units. On August 7, 1972 a public hearing was held. Tentative approval was denied and the developer appealed to the Court of Common Pleas of Butler County. The Zoning Hearing Board was dismissed as a party and the Board of Supervisors added. Hearings were held before the court on May 4 and June 20, 1973 and extensive testimony was taken. The court ruled that under Section 709 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10709, tentative approval must be granted or denied by the governing authority, *i.e.*, the Board of Supervisors and, therefore, remanded.

Upon remand, the Board of Supervisors granted tentative approval subject to 23 conditions. The developer refused to accept some of the conditions and again appealed to the court of common pleas. The court, considering the appeal *de novo* on the basis of its prior hearings, granted tentative approval to the PRD subject to 17 conditions. The developer accepted these conditions but the Board of Supervisors has appealed.

It is uncontested that the construction of appellee's PRD will necessitate the accelerated improvement of Harbison Road as well as the accelerated construction of water lines and sewage facilities. Among the conditions placed on tentative approval by the Board of Supervisors was that all off-site costs of the above improvements be paid for by the developer. On appeal, the court below required the developer to pay

for the construction costs of widening Harbison Road and for the off-site costs of installing water lines and a sewage disposal system. These conditions are not appealed by the developer. The court imposed on the Township the cost of acquiring off-site rights-of-way, holding that charging these costs on the developer would be "invalid, arbitrary and unreasonable." The Board of Supervisors appeals from the imposition of these costs on the Township. Here, where the lower court has considered the application for tentative approval of a PRD de novo, our scope of review is to determine whether the lower court committed an abuse of discretion or error of law when it refused to impose the cost of acquiring off-site rights-of-way on the developer. *Board of Commissioners of the Township of O'Hara v. Hakim*, 19 Pa. Commonwealth Ct. 661, 339 A.2d 905 (1975).

We need not decide whether the imposition of the costs of acquiring off-site rights-of-way on the appellee would have been invalid as the court below found. Even assuming it would have been valid, we believe that the lower court did not abuse its discretion by refusing to impose such costs. It is clear that some of the costs of off-site improvements can fairly be charged to a developer whose plans so burden existing facilities as to necessitate their accelerated improvement or construction. However, conditions placed on tentative approval must be reasonable and economically feasible. *Doran Investments v. Muhlenberg Township Board of Commissioners*, 10 Pa. Commonwealth Ct. 143, 309 A.2d 450 (1973). The rationale for imposing off-site costs is not to transfer all costs of development from municipalities to private developers. The primary responsibility for providing these services lies with local governments. The purpose of imposing reasonable off-site costs on developers is to cushion municipalities from the effect of rapid, large-

390

scale development. *See* R. Ryan, *Pennsylvania Zoning Law and Practice* §5.3.10 (1970). After taking testimony the court below held that imposing the costs of the off-site rights-of-way on the appellee would be arbitrary and unreasonable. On the basis of this record, we cannot say that the court below abused its discretion.[1]

Accordingly, we will enter the following

ORDER

Now, June 2, 1977, the order of the Court of Common Pleas of Butler County, at Civil Division A.D. No. 60, December Term, 1972, dated March 29, 1976, is affirmed and the appeal is dismissed.

---

[1] Appellant argues that the rational nexus test applied by the court below required the imposition of all off-site costs on the developer. We disagree. Under the test a developer can only be forced to "bear that portion of the cost which bears a rational nexus to the needs created by, and benefits conferred upon, the subdivision." *181 Incorporated v. Salem County Planning Board*, 133 N.J. Superior 350, 358, 336 A.2d 501, 506 (L.D. 1975), quoting from *Longridge Builders, Inc. v. Planning Board of the Township of Princeton*, 52 N.J. 348, 350, 245 A.2d 336, 337 (1969).