OPINION OF THE COURT
David O. Boehm, J.
The plaintiffs own an undeveloped 13-lot subdivision on which they intend to construct single-family residences. Defendant, Fiora Drive Associates, owns a 6-lot subdivision adjacent to plaintiffs’ subdivision, on which it has installed utilities and built homes on three lots.
Before Fiora began developing its property, defendant, Village of Fairport, advised plaintiffs and Fiora to jointly construct a sewage pump station to service both subdivisions, the reason being that the village did not wish to maintain multiple pump stations. Plaintiffs refused to contribute to the cost of construction. Fiora and the village then entered into a contract whereby Fiora would build, at its own expense, a pump station of sufficient capacity to service both subdivisions, and dedicate it to the village. After dedication, the village agreed to collect from the owner of each lot connecting to the pump station a pro rata share of the construction cost and pay this over to Fiora.
*392 Plaintiffs commenced this declaratory judgment action seeking a declaration that the agreement between the village and Flora is unenforceable as to them, and that they have the right to connect to the pump station without paying the connection fee required by the agreement. They assert that the village lacks authority to assess the construction costs of the pump station against their properties because the station was not constructed by the village. Plaintiffs now move for summary judgment, and the village is cross-moving for summary judgment dismissing the complaint.
Generally, a municipality has only those powers which are expressly granted to it by constitutional or legislative provision, or necessarily implied from such express powers (27 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 1207). While there is no statutory authority expressly permitting a village to enter into the type of contract at issue here, section 14-1428 of the Village Law authorizes a village to assess the expense of constructing a sewer or sewer system upon the property benefited by the improvement.
That the cost of the pump station was not incurred by the village, and that the funds raised by the assessment will be passed on directly to Fiora, does not make the contract invalid. Village Law § 6-610 authorizes the dedication of a "street, or any part thereof, or an easement therein” to a village, and section 1-102 (2) of the Village Law authorizes a village to take property by gift or grant, "for any purposes of the [municipal] corporation or for any public use upon such terms or conditions as may be prescribed by the grantor or donor and accepted by said corporation”.
It would appear, therefore, that there is ample authority for the village to assess the plaintiffs when they connect to the pump station a pro rata share of the construction cost and pay the funds collected to the station builder.
Neither the research of counsel nor of the court has disclosed case law in this State dealing with the issue presented here. However, a decision by the Appellate Division of New Jersey’s Superior Court supports the conclusion reached in this case (Ellis v Larchmont Pharmacy Plaza, 208 NJ Super 359, 506 A2d 22). There, a property owner was granted a permit by a local municipal authority to extend sewer and water lines which had been constructed and paid for by adjacent property owners. Those property owners who had constructed the original lines brought suit to enjoin their *393 extension or, in the alternative, to recover damages if the extension were permitted. It was the authority’s position that it was the owner of the lines, not the plaintiffs, and the court agreed. The court held, however, that the authority could properly apportion the expense of the original lines among all of the properties benefited and reimburse the plaintiffs for any expense incurred in excess of their fair share.
The opinion of the State Comptroller (3 Opns St Comp, 1947, at 310) cited by plaintiffs does not support a contrary conclusion. It merely interpreted Town Law § 198 (3) as not permitting a town to pay the private owner of a water main located within the town a fixed sum for each connection made to it by town residents. But that section of the Town Law pertains solely to water districts and, inter alla, only authorizes towns to obtain water for their inhabitants in specified ways. The restrictions of that statute have no application to the question of municipal authority as to sewer lines, which is the situation here.
Plaintiffs contend that regardless of whether the village is authorized to assess a portion of the cost of the pump station against them, the agreement is, nevertheless, invalid because of the village’s failure to comply with the requirements of Village Law §§ 14-1410 and 14-1416.
Section 14-1410 sets forth the procedure required when the cost of constructing a sewerage system, or a part thereof, is to be jointly shared by the village and the properties benefited. However, the agreement between the defendants does not necessitate the expenditure of public funds or the sharing of construction costs. That section, therefore, has no application.
On the other hand, section 14-1416 of the Village Law does deal with the construction of a sewerage system and the procedural requirements involved, but it applies only ”[i]f the whole or any part of the expense of constructing a sewerage system is to be assessed upon the lands benefited”. That section governs even where no public funds are to be expended. However, it does not apply here because there is no "sewerage system” as defined by the statute in section 14-1400, which states: "The term 'sewerage system’ as used in this article shall be understood to mean a complete system for the removal, treatment or disposal of sewage or wastewater, including private on-site wastewater disposal systems” (emphasis supplied; see also, 1983 Opns St Comp No. 83-16, at 16). *394 Needless to say, a pump station of a sewerage system is only a component of that system. It would seem, therefore, that the agreement between the village and Flora does not fall within the requirements of section 14-1416.
Lastly, plaintiffs argue that the agreement improperly circumvented the competitive bidding procedures of General Municipal Law § 103. Those procedures, however, apply only where the expenditure of public funds is involved. That is not the case here, unlike the situation involved in the State Comptroller Opinion (1978 Opns St Comp No. 78-570) cited by plaintiffs.
Accordingly, plaintiffs’ motion for summary judgment is denied, and the village’s cross motion is granted.