L. Bakrou Hill, J.
Pursuant to section 280-a of the Town Law plaintiff applied to the Building Inspector of the Town of Islip for building permits on 18 lots owned by it as shown on a filed map. These lots are scattered and isolated. The map and subdivision were duly filed by another party in 1946 at which time the approval required from the Islip Town Board pursuant to sections 276 and 277 of the Town Law was obtained.
At the time of this application, the Planning Board made certain requirements as a condition to the issuance of building permits to plaintiff as follows:
(A) Install a drywell (catch basin) or in the alternative post a bond in the sum of $550.
(B) Apply two coats of oil and sand to the roadways abutting on plaintiff’s properties from the center line back 15 feet, or in the alternative post a bond for the sum of $2,401.46.
(G) Pay to the Town of Islip the sum of $900 (at the rate of $50 per building plot) to be allocated to the Town Park Fund.
(D) Pay the sum of $118 to the Town of Islip for inspection fees.
Thereafter, plaintiff apparently availed itself of the procedure provided by subdivision 3 of section 280-a of the Town Law and applied for a review of the determination to the Board of Appeals. Subsequently: This proceeding was discontinued on stipulation that plaintiff had exhausted its administrative remedies; plaintiff posted a bond to meet all the conditions; the building permits were issued; plaintiff commenced this action for a declaratory judgment pursuant to the stipulation providing that all issues were ones of law to be resolved by this court. Payment on the bond is apparently conditioned upon the determination of this motion for summary judgment wherein no fact issue exists.
Both parties have dealt solely in their arguments and memoranda of law with conditions “ (B) ” and “ (0) ”, supra. This court knows of no authority for imposing conditions *734 “ (A) ” or “ (D) ”, supra, unless they are based on some statute or ordinance not submitted to the court. Accordingly, unless the parties otherwise consent or submit other proof to the court, these conditions are declared invalid.
In determining condition “ (B) ”, no issue has been raised concerning whether or not the Town Board has empowered the Planning Board to impose such a condition in accordance with standards and specifications approved by the Town Board as required by subdivision 2 of section 280-a of the Town Law. It will be assumed that there has been due compliance with this section.
The roads in question were, in or about 1946, dedicated to the town but the deed delivered has never been recorded nor has the town ever accepted the dedication. Nevertheless, the roads are open, are oiled dirt roads providing ingress and egress to the many property owners already in the area, home to home mail delivery exists, fire trucks and other similar vehicles have passed over these roads, school busses travel these roads, and from time to time these roads have been maintained and improved by employees of the Town of Islip.
It is my opinion that if, under such conditions, an application for a variance was made pursuant to subdivision 3 of section 280-a of the Town Law, a denial thereof would constitute an abuse of discretion. I believe the legislative purpose underlying the enactment of the entire section 280-a is brought into clear focus by the amendment adding subdivision 5 in March of this year. (L. 1958, ch. 334.) The subdivision provides: “ 5. For the purposes of this section the word ‘ access ’ shall mean that the plot on which such structure is proposed to be erected directly abuts on such street or highway and has sufficient frontage thereon to allow the ingress and egress of fire trucks, ambulances, police cars and other emergency vehicles, and, a frontage of fifteen feet shall presumptively be sufficient for that purpose.”
A building permit can be validly denied under this section only when the facts will support a finding by the administrative body that the conditions set forth in subdivision 5 cannot be met; viz., fire apparatus and other emergency vehicles cannot safely and with reasonable certainty travel to and from the proposed structure.
I hold, therefore, that condition “ (B) ” cannot be validly imposed.
It appears that condition “ (C) ” has been imposed by the Planning Board based upon the provision of section 277 of the Town Law for the inclusion of a park for playground or other *735 recreational purposes in proposed plats and a tortured opinion of the Comptroller which has not even been published among his opinions. While the Planning Board- may require the inclusion of park facilities in approving a new plat or an undeveloped plat (Town Law, § 277, subd. 1) it is without power to extract a fee for a building permit when application is made under section 280-a, under the guise of contributing said fee to its general Town Park Fund. Here there is no application for the approval of a plat under sections 276 and 277 of the Town Law; this approval was already given in 1946. The only application made by plaintiff is for.a building permit which is governed by section 280-a of the Town Law. I hold, therefore, that condition “ (C) ”, supra, is invalid and may not be imposed.
Settle order or judgment.