■ NATHAN LEVINE, Respondent, v. TOWN BOARD OF CARMEL, Appellant, et al., Defendants.— In an action for a declaratory judgment, defendant Town of Carmel appeals from a judgment of the Supreme Court, Putnam County, dated July 17, 1969, which granted plaintiff's motion for summary judgment, adjudged that the amendment to section 3.12 of article III of the Subdivision Regulations of the Town of Carmel is illegal, and directed defendant to refund to plaintiff the $9,000 deposited by plaintiff with appellant, upon plaintiff furnishing a proper bond in the same amount. Judgment affirmed, with $10 costs and disbursements. Allegedly pursuant to section 277 of the Town Law, the Town of Carmel adopted a resolution purporting to amend the town's subdivision regulations to provide that all bonds submitted to the clerk of the town shall be on a basis of cash of not less than a specified portion of the total amount required, with the remainder permitted to be by surety company bond. Plaintiff wished to submit surety company bonds totaling $90,000, the total amount required in connection with its proposed subdivision of land. Under protest, he complied with a demand that $9,000 be in cash and submitted a surety company bond in the sum of $81,000 and a " cash bond " in the sum of $9,000. The issue is whether the town had the legal right to require a cash deposit as part of a performance bond as a condition to approving the subdivision. The town's authority for enacting subdivision regulations is in section 277 of the Town Law, a delegation of powers by the Legislature. In our opinion, the town lacked the authority to adopt the regulation in question (cf. Reggs Homes v. Dickerson, 16 Misc 2d 732, affd. 8 A D 2d 640; Matter of Bon-Air Estates v. Building Inspector of Town of Ramapo, 31 A D 2d 502; Seaman v. Fedourich, 16 N Y 2d 94, 101). Christ, P. J., Hopkins, Brennan and Benjamin, JJ., concur. (Beldock, P. J., deceased.)

■ FLORENCE MONTROSE, Respondent, v. EDWARD P. PETERSON et al., Respondents. (Action No. 1.) EDWARD P. PETERSON, Respondent, v. ELIZABETH A. HART, Respondent. (Action No. 2.) ELIZABETH A. HART, Appellant, v. EDWARD P. PETERSON, Respondent. (Action No. 3.) — In consolidated negligence actions to recover damages for personal and property injuries, plaintiff Hart in action No. 3 appeals from an order of the Supreme Court, Suffolk County, dated July 2, 1969, which granted a motion by defendant Peterson in action No. 1 for pretrial examinations of plaintiff in action No. 1 and Hart as defendant in action No. 1. Subsequent to the submission of the appeal, the appellant informed this court, with notice to all the parties in the three actions, that action No. 3 has been settled and discontinued, and requested that the appeal be withdrawn. No objection has been received from any of the parties. Under the circumstances, appeal deemed withdrawn, without costs. Brennan, Acting P. J., Munder, Martuscello and Kleinfeld, JJ., concur. (Beldock, P. J., deceased.)