■ MORTIMER H. TISCHLER et al., Appellants, v KEY ONE CORP. et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered May 25, 1978, which denied the plaintiff's motion to direct defendants Leonard Schlussel and 855 Ninth Avenue Realty Corp. to deliver security deposits to the receiver or to the new owner, reversed, on the law, and motion granted to direct a turnover to the new owner, with costs. In considering the merits of this appeal, we have taken judicial notice of the entire county clerk's file in this proceeding (Fisch, New York Evidence [2d ed], § 1065, p 602). Prior to October 21, 1976, the subject premises were owned by Key 56th Realty Company (the partnership). On that date, the premises were sold to 855 Ninth Avenue Realty Company (the corporation). Leonard Schlussel was a general partner in the partnership and the president of the corporation. On October 29, 1976, a temporary receiver was appointed. On or about November 3, 1976, Leonard Schlussel and Martin Lublin, the managing agent for the partnership and later for the corporation, were served with a copy of the order appointing the receiver. On or about November 11, 1976, Schlussel and Lublin were served with a copy of a notice and demand to turn over the rent and security deposits to the receiver. In January of 1977, the receiver moved for an order directing Schlussel, Lublin and the corporation to turn over rent, security deposits and certain documents. Alternatively, it was requested that the two individuals and the corporation be held in contempt. After a hearing, a Special Referee recommended that Lublin alone be held in contempt for failing to turn over the rent, security deposits and documents in his possession. In an order, entered January 19, 1978, Justice Riccobono confirmed the Special Referee's report and held Lublin in contempt. To date, Lublin has not purged himself of contempt. In April of 1978, the receiver moved to direct the corporation and Schlussel to turn over the rent, the security deposits and various requested documents. The court at Special Term found that the order, entered January 19, 1978, was the "law of the case" and that a turnover order could not issue as against either Schlussel or the corporation. The doctrine of the "law of the case" is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of

co-ordinate jurisdiction are concerned. Of course, that doctrine has no binding force on appeal since the appellate court is not a co-ordinate but a higher tribunal *(Martin v City of Cohoes,* 37 NY2d 162, 165). The court at Special Term was bound by the "law of the case" as embodied in the order appointing the receiver, entered October 29, 1976. Pursuant to that order, the rent and security deposits should have been turned over to the receiver by the corporation, firm or individual in receipt of those deposits. (General Obligations Law, § 7-105.) It should be stressed that, initially, Lublin was holding the security for the partnership. When the premises were sold to the corporation, Lublin continued to act as the agent for that new corporate owner. When title passed to the corporation on October 21, 1976, Lublin constructively transferred the security, then held for the partnership, to his new employer, the corporation. The corporation, as of October 21, 1976, was thus in constructive receipt of the security and was responsible to turn it over to the receiver under section 7-105 of the General Obligations Law *(Rohab Co. v Madison & 63 Realty Corp.,* NYLJ, April 12, 1976, p 6, col 4). Schlussel, as an officer in the corporation, is similarly liable under section 7-105 of the General Obligations Law, for Lublin's failure to turn over the security to the receiver. The court at Special Term thus erred in failing to direct Schlussel and the corporation to turn over the security deposits to the new owner after the foreclosure sale. Justice Riccobono's order of January 19, 1978 merely established that Lublin should be held in contempt. It did not make any finding that Schlussel and the corporation were free of responsibility under section 7-105 of the General Obligations Law. Concur—Murphy, P. J., Kupferman, Sandler, Lane and Lynch, JJ.