■ Town of Poughkeepsie, Respondent, v Holden Construction Co., Inc., et al., Defendants, and Republic Insurance Company, Appellant.—In an action on performance bonds the defendant surety company appeals from (1) so much of an order of the Supreme Court, Dutchess County, dated November 24, 1978, as granted plaintiff's cross motion for summary judgment as against it and (2) a money judgment of the same court, entered thereon on January 19, 1979. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, on the law, without costs or disbursements, and action remitted to the Supreme Court, Dutchess County, for a hearing to assess the amount of damages payable by the defendant surety, in accordance herewith. Defendant Holden Construction, Inc. (Holden) planned to construct a multifamily garden apartment development in the Town of Poughkeepsie. In the subdivision plan submitted to the town board for approval, provision was made for water and sanitary sewer improvements as well as certain roads and storm sewers. In lieu of requiring Holden to perform this work before approving the site plan, the board gave its approval on condition that Holden furnish performance bonds naming the town as obligee, for 90-95% of the estimated costs, and also a cash deposit for the balance of such costs. At the time Holden discontinued work at the site, construction was partially completed. Thereafter the plaintiff town brought the instant suit to recover the face amount of the performance bonds and succeeded in having summary judgment awarded in its favor by Special Term. The two issues of import presented on appeal are (1) whether the town had a legal right to require that a cash deposit be posted along with performance bonds as a condition to obtaining approval for the site plan, and (2) whether judgment should have been entered without a trial for the assessment of damages. With respect to the town's requirement that Holden post a cash deposit, it should be emphasized that subdivision 1 of section 277 of the Town Law specifically mandates that there be posted "a performance bond sufficient to cover *the full* cost of [the improvements]" (emphasis supplied). This delegation of powers by the Legislature prescribes that procedure by which site plans are to be approved and should be strictly complied with (see *Seaman v Fedourich,* 16 NY2d 94, 101). Therefore, the plaintiff town lacked the authority to require a cash deposit in addition to a performance bond (see *Levine v Town Bd. of Carmel,* 34 AD2d 796). However, such *ultra vires* action by the town in no way affects the obligation of the surety under the performance bonds. The posting of the cash deposit only served to reduce the amount for which bonds were required as well as reducing appellant's ultimate liability for the cost of completing the improvements. Appellant was therefore benefited, not injured, by the town's action (see *Becker v Faber,* 280 NY 146, 150). Unlike the facts in *Levine v Town Bd. of Carmel (supra),* there is no evidence that appellant or any of the principals on the bonds objected to the paying of a cash deposit. Even if such an objection had been made, the remedy, namely to refund the cash deposit to the principals who posted it, would have had no deleterious effect upon the appellant surety. Hence, under the circumstances, the action of the town in requiring a cash deposit, or a partial guarantee for the construction of improvements at the site under the subdivision plan, though illegal, does not discharge the surety on the

accompanying performance bonds. However, in our opinion, Special Term erred in granting summary judgment to plaintiff for the face amount of the subject bonds. In this instance there has been no showing by plaintiff that the amounts fixed in the performance bonds bear a reasonable measure of the plaintiff's anticipated harm resulting from Holden's failure to complete construction (cf. *City of Rye v Public Serv. Mut. Ins. Co.*, 34 NY2d 470, 473). Accordingly, the matter is remitted for a trial solely to assess plaintiff's damages resulting from the developer's breach. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.