■ TOWN OF POUGHKEEPSIE, Respondent, v HOLDEN CONSTRUCTION Co., INC., et al., Appellants, et al., Defendants. — In an action to recover on performance bonds, defendants Holden Construction Co., Inc. (Holden) and Republic Insurance Company (Republic) separately appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered February 3, 1983, which awarded damages to plaintiff payable by both appellants.

Judgment modified, on the law, by deleting the decretal paragraph designated "(a)" and the other provisions thereof against Holden and the action is severed as to Holden. As so modified, judgment affirmed, with costs to the town payable by Republic, and new trial granted as to Holden only.

On or about August 24, 1972, defendant Holden made an application to the Town of Poughkeepsie (town) for approval of a subdivision site plan entitled " 'Holden On Hudson' Phase I". The town granted approval of the aforesaid subdivision map provided, *inter alia,* that Holden post a performance bond pursuant to subdivision 1 of section 277 of the Town Law to guarantee the completion of certain water and sanitary sewers, roads and storm sewers. On or about March 8, 1974, Holden, as principal, defendants Schwartz and Silver as coprincipals, and Republic as surety, executed and delivered two bonds to the town in satisfaction of the aforesaid contractual provisions. The sole condition of the bonds, which were identical in terms, was that if within two years from the date of the bonds, the principal, Holden, completed the construction and installation of the bonded work, then the bonds were to be null and void; otherwise the bonds were to remain in full force and effect.

Holden commenced work on the project and by March, 1976 had completed some 50% to 60% of the total project. Work however was discontinued by Holden and although construction of all of the apartment units had been commenced by Holden, none of the units were fully completed so as to be ready for occupancy. Holden also commenced but failed to complete installation and construction of the water and sanitary sewers, storm sewers and roads pursuant to the terms set forth in the subdivision map and the aforesaid bonds.

Holden thereafter defaulted on its mortgage to its construction lender, Bankers Trust Company (bank). The bank ultimately foreclosed on the mortgage and acquired title to the uncompleted project. In November, 1977, the bank and the town reached an agreement whereby the bank assumed the responsibility of completing the bonded improvements and to bear the cost thereof in consideration for the town's promise to declare the two bonds in default and make a demand upon Republic to comply with its obligations thereunder. If Republic did not comply with the demand, the town agreed to institute an action to recover on the bonds. Any proceeds received from Republic either pursuant to the demand or as a result of a lawsuit were to be remitted to the bank.

In January, 1978, the town declared the two bonds in default and demanded payment from Republic in the amount of the bonds. Republic refused to comply with the demand stating that the bank, by taking over possession of the subject premises, assumed the obligations of Holden, and, thus, would have to perform the work in accordance with the municipal resolutions. In April, 1978, the town commenced an action against Holden,

Silver, Schwartz and Republic seeking recovery of the full amounts of the two bonds. Republic interposed an answer containing several affirmative defenses. Republic also cross-claimed against Holden, Silver and Schwartz.

In August, 1978, Republic moved for summary judgment on its cross claim and the town cross-moved for summary judgment on its complaint. Republic opposed the town's summary judgment motion on the basis, *inter alia,* that the town did not suffer any loss due to Holden's default because there were no residents at the time of the default and thus none of the bonded improvements were necessary under subdivision 1 of section 277 of the Town Law. In addition, Republic noted that the town would not suffer a loss since the bank was actively negotiating to sell the project to a new developer which planned to complete the project in accordance with the town's subdivision requirements.

During the pendency of the summary judgment motions, the bank entered into a written agreement with a new developer, Chelsea Ridge Associates (Chelsea), whereby the developer agreed to complete the project in accordance with the town's subdivision map requirements. Paragraph 3 of the agreement stated, *inter alia,* "Purchaser further acknowledges that there is now substantial work that remains to be done in connection with the construction of roads, storm and sanitary sewers and water lines in order to satisfy the requirements of the Town, as referred to in the Letter Agreement, and as set forth in a certain map, with which purchaser is also familiar, entitled, 'Holden on Hudson Phase I' (the 'Work'). Purchaser confirms its understanding that the purchase price for the Premises of $400,000 this day paid by Purchaser to Seller was reduced to reflect the cost of performing the Work, whether done by Purchaser or another, and the right of Seller to receive all proceeds recovered on the bonds, as provided for in the Letter Agreement, in consideration of Seller's undertaking to reimburse the Town for the cost of the Work and the expenses incurred in prosecuting the claim on the bonds; and Purchaser acknowledges that it has agreed to, and did, purchase the Premises for such price after having first made its own investigation and determination of all costs that may be incurred in order to perform and complete the Work to the satisfaction of the Town. Accordingly, Purchaser covenants and agrees as follows, each of said covenants and agreements to survive the closing of title and delivery of the deed which occurred this day".

Subsequently, the town's cross motion for summary judgment was granted and a judgment was entered against Republic in the full amount of the bonds. Republic was awarded partial

summary judgment against Holden and Schwartz as to liability only.

Republic appealed from so much of the judgment as granted summary judgment against it. On appeal, Republic essentially maintained that since there were no residents of the subdivision project at the time of Holden's default, no public improvements were necessary and thus no recovery on the bonds was warranted under subdivision 1 of section 277 of the Town Law. By decision and order dated August 13, 1979, this court remitted the matter for a trial solely to assess the town's damages resulting from the developer's breach (*Town of Poughkeepsie v Holden Constr. Co.*, 71 AD2d 886).

Prior to the trial on damages, Republic made a motion pursuant to CPLR 2221 and 4404 for renewal, and to vacate Special Term's granting of summary judgment against it on the basis of newly discovered evidence. Republic stated, *inter alia,* that subsequent to the submission of its appeal, it had learned that the developer Chelsea had fully completed the bonded improvements without any cost to the town and, thus, no loss was suffered by the town as a result of Holden's default. Special Term granted Republic renewal, but upon further consideration, adhered to its original decision as modified by this court's order.

Thereafter, a trial was held solely on the issue of damages. At the conclusion of the trial, judgment was entered against Republic and Holden in the full amount of the bonds. Both Republic and Holden appeal from said judgment.

On this appeal, Republic seeks to relitigate the issue of its liability pursuant to the bonds on the basis that since there were no residents of the subdivision project at the time of Holden's default, none of the bonded improvements were necessary and thus the town was not entitled to recovery. This issue was fully litigated in the town's summary judgment motion and on appeal to this court. Under the doctrine of the law of the case, Republic is precluded from raising this issue again at this stage of the proceeding (see *Martin v City of Cohoes,* 37 NY2d 162, 165; *Tischler v Key One Corp.,* 67 AD2d 886).

Republic also argues that since the subdivision project was ultimately completed by the new developer at no expense to the town, no recovery on its bonds is permitted pursuant to subdivision 1 of section 277 of the Town Law. We disagree.

Subdivision 1 of section 277 of the Town Law provides, *inter alia,* that in the event a developer fails to complete the required public improvements pursuant to an approved subdivision map, the town may declare the performance bond posted by the

developer to be in default and collect the sum payable thereunder. Upon receipt of the proceeds, the town must install such improvements as are covered by the performance bond and are commensurate with the extent of the building development that has taken place in the subdivision but not exceeding in cost the amount of such proceeds. Republic strictly interprets the statutory language of subdivision 1 of section 277 to mean that the town must first collect the proceeds of the performance bond, complete the necessary public improvements, and remit any excess proceeds to the surety. Since all of the public improvements were completed by the subsequent developer at no cost to the town, Republic argues that no recovery on the bonds is permitted under that provision. Subdivision 1 of section 277 of the Town Law states that upon default in the construction of required public improvements, the town may declare the bond in default, collect the proceeds and utilize the same to complete the necessary improvements. We do not view this language as limiting the power or flexibility of the town to make whatever arrangements it can to get the necessary work done when the obligor on a bond refuses to make payment. There is no obligation on the town to utilize tax revenues to install or complete improvements after private developers and their bonding companies have broken their promises to do the work themselves. The statute was not meant to preclude a town from seeking alternate means to complete a project when, in cases such as this, it is forced to engage in protracted litigation seeking to recover on the bonds. Here, the town was able to reach an agreement with the bank whereby the latter agreed to make arrangements to complete the project pursuant to the site plan at its expense in consideration for the town's promise to seek recovery on the bonds and turn over any moneys received to the bank. The suggestion that the bank's arrangements with a new developer providing for the completion of the project relieves Republic of its contractual obligations to the town, which is still subject to the claim of the bank, is rejected by this court.

Republic's reliance on *Village of Warwick v Republic Ins. Co.* (104 Misc 2d 514), where a contrary conclusion was reached, is misplaced. In *Village of Warwick (supra)*, the court adopted the strict statutory interpretation now urged by Republic and denied the village recovery on the performance bond stating that since all the public improvements were completed by a subsequent developer at no expense to the municipality, no recovery was permitted under the statute. As discussed previously, we disagree with that conclusion. The holding in *Village of Warwick (supra)* is in contradiction to the statutory scheme contemplated by former section 179-*l* of the Village Law (currently

Village Law, § 7-730, subd 1), and subdivision 1 of section 277 of the Town Law.

Having reviewed the record, we find that the town presented sufficient evidence to establish the reasonable costs incurred in completing the necessary public improvements on the subdivision project. While admittedly both parties were unable to produce the original subdivision map upon which Republic's bonds were issued, the town presented sufficiently credible evidence to establish that the public improvements which were eventually installed by Chelsea were those covered by the aforesaid bonds.

Accordingly, we affirm the judgment insofar as it is against Republic. However, we find that Special Term erred in entering judgment against Holden since Holden was improperly precluded from introducing any evidence at the trial in an effort to limit its liability to the town. In view thereof, the judgment is modified to delete the provisions granting the town judgment against Holden and permitting the release of trust funds deposited on Holden's behalf and the matter is remitted for a trial to determine the extent of Holden's liability to the town. Lazer, J. P., Weinstein, Brown and Lawrence, JJ., concur.