*192 OPINION OF THE COURT
Per Curiam.
Final judgment entered November 14, 1988 reversed, without costs, and a new trial is ordered.
In this summary nonpayment proceeding against a tenant who had participated in a rent strike against the landlord, the trial court erred in rejecting, on the grounds of relevance and lack of foundation, tenant’s offer in evidence of a computer printout of all violations of record placed against the building in which the subject premises are located to support his defense of breach of the warranty of habitability.
Multiple Dwelling Law § 328 (3) provides: "In any action or proceeding before the housing part of the New York city civil court either (a) the visually displayed or (b) the printed computerized violation files of the department responsible for maintaining such files and all other computerized data as shall be relevant to the enforcement of state and local laws for the establishment and maintenance of housing standards * * * shall be prima facie evidence of any matter stated therein and the courts shall take judicial notice thereof as if same were certified as true under the seal and signature of the commissioner of that department.” In our view, the mandatory language of this remedial statute requires that "any” matter relating to the violation of housing standards pertaining to the building in which the premises in dispute are situate, whether reflected in an official, computerized printout or displayed on the court’s own video monitor, is relevant evidence of which the court must take judicial notice without further authentication or foundation (McKinney’s Cons Laws of NY, Book 1, Statutes § 171; Richardson, Evidence § 344 [Prince 10th ed]). Moreover, exclusion of this public document offered in tenant’s defense, to which the court has ready access, constitutes an abuse of the discretion permitted at common law in taking judicial notice: "judicial notice may be and is taken” of public records (Matter of Sunhill Water Corp. v Water Resources Commn., 32 AD2d 1006, 1008; compare, Tischler v Key One Corp., 67 AD2d 886; Fisch, New York Evidence § 1063 [2d ed]).
Hence, we conclude that the refusal of the trial court to accept the computerized list of violations proffered by tenant was error. A new trial is directed at which the list shall be admitted in evidence. Once admitted, however, it is incumbent on counsel, acting as an officer of the court and in the *193 interests of judicial economy, to assist the court in determining which of the listed violations impacts particularly on the tenancy and premises in question so as to be accorded commensurate weight on the issue of habitability.
Miller and McCooe, JJ., concur.