Rosario-Gil v 605 W. 42nd Owner LLC

2026 NY Slip Op 50722(U)

May 14, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Unclassified

Aida Rosario-Gil, Petitioner-Tenant-Appellant,

v

605 West 42nd Owner LLC, Respondent-Landlord-Respondent, and The Department of Housing Preservation and Development (DHPD), Respondent.

Supreme Court, Appellate Term, First Department

Decided on May 14, 2026

570384/26

Present: James, P.J., Brigantti, Perez, JJ.

Petitioner-tenant appeals from an order of the Civil Court of the City of New York, New York County (Alberto M. Gonzalez, J.), dated July 29, 2025, which denied her motion for sanctions and granted respondent-landlord's cross- motion to dismiss the petition in a Housing Part enforcement proceeding.

[*1]

Per Curiam.

Order (Alberto M. Gonzalez, J.), dated July 29, 2025, affirmed, without costs.

Civil Court properly granted respondent-landlord's motion to dismiss this Housing Part enforcement proceeding. The record, as well as the Department of Housing Preservation and Development's (HPD) website records, of which the court took judicial notice (see Multiple Dwelling Law (MDL) § 328 [3]; Hoya Saxa v Gowan, 149 Misc 2d 191 [App Term, 1st Dept 1991]), established that the two violations in petitioner's apartment that were listed in the parties' April 3, 2025 consent order were corrected by landlord (see Frankel v 71st St. Lexington Corp., 46 Misc 3d 149[A], 2015 NY Slip Op 50264[U] [App Term, 1st Dept 2015]; Malize v New York City Hous. Auth., 37 Misc 3d 138[A], 2012 NY Slip Op 52196[U] [App Term, 1st Dept 2012]). Nor is there any basis on this record for imposing sanctions against landlord.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 14, 2026